MURPHY v. MILLIKEN et al.

(Supreme Court, Appellate Division, Second Department.   June 12, 1903.)

1. SERVANT—INJURIES—SUBMITTING ISSUE RESPECTING FAILURE TO PROVIDE
    RULES.
        Plaintiff was employed by defendants to operate a traveling crane
    running along an elevated runway, and was injured in an accident
    claimed to have been caused by the premature shutting off of the electric
    current which furnished motive power for the crane, thus preventing
    him from stopping it.  Defendants' foreman had arranged with the elec-
    trician at the station to give the latter a signal when the crane reached
    the end of the runway.  He testified that before he gave any signal
    plaintiff ran the crane down the runway "full blast" over the buffers
    and off the structure.  His testimony was uncontradicted in this respect.
    Held error to submit to the jury the question whether defendants should
    not have "provided rules whereby plaintiff might have known as to the
    control of the electric current," as no rule restraining the foreman from
    signaling prematurely, etc., would have prevented the accident, the tes-
    timony not showing that he signaled at all.

Appeal from Trial Term, Kings County.

Action by Patrick Murphy against Edward F. Milliken and an-
other.  From a judgment for plaintiff, and from an order denying
a new trial, defendants appeal.  Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS,
WOODWARD, and HOOKER, JJ.

Frank Verner Johnson, for appellants.

Joseph Center Wight (Abel E. Blackman, on the brief), for re-
spondent.

WILLARD BARTLETT, J.   The plaintiff, who was employed by
the defendants to operate a traveling crane, sues to recover damages
for personal injuries sustained by him in consequence of the fall of
this crane, which he attributes to the defendants' negligence.  In
his complaint he specifies several respects in which he claims that the
defendants were negligent.  These are (1) an omission to provide
him with a safe place in which to work; (2) an omission to provide
him with safe and suitable appliances and machinery; (3) negligence
in the inspection of such appliances and machinery; (4) failure to
repair the same; and (5) the employment of incompetent fellow serv-
ants.   At the close of the evidence on both sides the learned trial
judge, in submitting the case to the jury, instructed them not only
with reference to these various specifications of negligence, but also
charged that the employers were burdened with the exercise of rea-
sonable prudence and care in providing reasonable rules for the opera-
tion and the performance of the defendants' work.   The power which
operated the crane by the fall of which the plaintiff was injured was
furnished by means of an electric current; and the learned judge
submitted to the jury the question whether the defendants should not
have "provided rules whereby this plaintiff might have known as to
the control of the electric current, if you find they did not provide
such rules."   At the close of the principal charge counsel for the de-
fendants said: "I understand the court has left to the jury some ques-

tion as to whether or not proper rules were promulgated. I desire to take an exception to leaving that matter to the jury; and I ask the court to instruct the jury that there is no evidence in this case to warrant a finding that there was negligence on the part of the defendants in promulgating necessary and proper rules for the conduct of their business." The court declined to charge as requested, but said to the jury that the only question as to which the remarks of the court applied concerning reasonable rules and regulations related to the furnishing of electric power. An exception was thereupon duly taken to the refusal to charge the request which I have quoted.

I think this exception must be deemed fatal to the judgment. There was no allegation in the complaint to the effect that the defendants had been negligent in failing to establish and enforce proper rules for the conduct of their business, and under the decision in Wagner v. N. Y., Chicago & St. Louis R. R. Co., 76 App. Div. 552, 78 N. Y. Supp. 696, it would seem that the plaintiff was not entitled to offer evidence of any negligence in this respect. Where the complaint contains only a general allegation of negligence, and is not helped out by a bill of particulars, any testimony tending to establish neglect on the part of the defendants resulting in injury to the plaintiff would be admissible without a more particular statement in the pleading. Oldfield v. N. Y. & Harlem R. R. Co., 14 N. Y. 310. But I suppose the correct rule to be that, where the pleader elects to specify in the complaint the particulars in which the defendant was negligent, he must be confined to proof of those particulars upon the trial, and cannot, without an amendment, offer proof to establish the omission of an entirely different duty, not mentioned or hinted at in the complaint. However this may be, the evidence in the present case was wholly insufficient to charge the defendants with any negligence in failing to promulgate and enforce proper rules with reference to the operation of the crane which fell and injured the plaintiff. The crane ran along an elevated runway at the foot of Clinton street, in the borough of Brooklyn; and the accident is alleged to have been caused by the shutting off of the electric power by the electrician in the neighboring power station of the Edison Electric Illuminating Company. The theory of the plaintiff's counsel upon the trial was that the negligent withdrawal of the power at a time when the crane was moving with the plaintiff upon it prevented him from bringing it to a stop, and allowed the crane to run down with great force toward the buffers at the end of the runway, breaking the buffers, and falling into the river, carrying the plaintiff with it. The accident occurred just before the cessation of work on a Sunday, and the plaintiff was about to take the crane toward the end of the runway and tie up for the night. A foreman machinist in the employ of the defendants, named Finck, had previously arranged with the electrician in charge of the dynamo at the substation, whereby he was to give the electrician a signal when the crane reached the end of the runway. While waiting to give this signal according to the arrangement, and, as Finck says, before he had made any signal whatever, the plaintiff, operating the crane, ran down the runway "full blast" over the buffers and off the structure. In behalf of the plaintiff it is argued that the defendants ought to have restrained Finck by

a rule from signaling prematurely, or from acting in any way about cutting off the power. I am unable to see how the establishment of any such rule would have prevented the accident, for, according to Finck's testimony, which in this respect is uncontradicted, and does not appear seriously to be questioned, he neither signaled prematurely nor signaled at all. In other words, he did exactly what he would have been required to do by the only rule which the proof suggests as proper under the circumstances.

In view of the only evidence in the record on this branch of the case, I think it was clearly error to leave any question to the jury in regard to the failure of the defendants to establish and enforce rules relating to the application of the electric power to the operation of the crane in charge of the plaintiff, and on account of this error a new trial must be granted.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.