to one of the parcels the title was in all three of the partners. The partnership obligations having been satisfied as to this parcel, at least the heir or devisee of the deceased partner could maintain an action in partition.

It follows, therefore, that the learned Special Term, although the reason which he gave was untenable, properly refused to grant judgment in favor of the defendants dismissing plaintiff's complaint.

The order should, therefore, be affirmed, with $10 costs and disbursements. All concur.

POWELL v. COHOES RY. CO. et al.

(Supreme Court, Appellate Division, Third Department. December 30, 1909.)

1. PLEADING (§ 243*)—AMENDMENT—POWER OF COURT.

Under Code Civ. Proc. § 723, authorizing the court to allow amendment of a pleading by the insertion of a material allegation, a complaint alleging generally that, because of defendant's negligence, one of its cars ran into and struck the car plaintiff was operating, is sufficient to authorize the allowance of an amendment setting out the acts of negligence more specifically.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 643–651, 820–822; Dec. Dig. § 243.*]

2. MASTER AND SERVANT (§ 265*)—INJURY TO SERVANT—ACTION FOR INJURY—BURDEN OF PROOF.

A motorman of one company who was injured while operating his car over the track of another company on a part of his route, because the track was not properly sanded, has the burden of showing which company owed him the duty of sanding that track.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 903; Dec. Dig. § 265.*]

3. MASTER AND SERVANT (§ 106*)—INJURY TO SERVANT—DUTIES OF MASTER—PLACE OF WORK.

The general rule that a master is bound to use reasonable care to provide a servant a reasonably safe place in which to work has no application where the place is not in the possession or control of the master, and he is ignorant of its condition.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 193–198; Dec. Dig. § 106.*]

4. MASTER AND SERVANT (§ 106*)—INJURY TO SERVANT—DEFECTIVE APPLIANCES—KNOWLEDGE OF DEFECTS.

A street railroad company is not liable for injuries to its motorman from defects in the track of another company over which he operated the car on the part of the route, in the absence of knowledge of such defects.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 193–198; Dec. Dig. § 106.*]

Cochrane, J., dissenting in part.

Appeal from Trial Term, Rensselaer County.

Action by James H. Powell against the United Traction Company and the Cohoes Railway Company. From a judgment for plaintiff, and an order denying a motion for a new trial, defendant Cohoes Railway Company appeals. Plaintiff also appeals from a judgment dismissing the complaint as to defendant the United Traction Company. Reversed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

This action was brought against the Cohoes Railway Company and the United Traction Company to recover damages for personal injuries. The allegations of the complaint are that the plaintiff was in the service of the Cohoes Railway Company as motorman, and while carefully and cautiously operating one of its cars was run into and struck by one of the cars owned and operated by the United Traction Company, and was thereby injured; that the injuries so sustained were caused or contributed to through the carelessness and negligence of the Cohoes Railway Company, and of the persons engaged in its service and instructed with the authority of superintendence, and also by reason of defects in the condition of the ways, works, and machinery and in the car and the attachments thereto; "that the said Cohoes Railway Company carelessly and negligently failed to discover and remedy said defects and to properly sand its tracks; that said plaintiff was injured solely because of the carelessness and negligence of the said defendants, United Traction Company and Cohoes Railway Company, their officers, superintendents, agents, servants, and vice principals and without any fault or negligence on the part of the said plaintiff."

At the opening of the case a motion was made to dismiss the complaint as to the United Traction Company on the ground that it did not state facts sufficient to constitute a cause of action against it. Thereupon the plaintiff's attorney asked leave to amend the complaint, and it was denied on the ground that the court had no power; the court stating: "You can't amend so as to allege a cause of action where there is none. This would be a cause of action where none has been stated, and I don't think the court has such power." The motion to dismiss was then granted and an exception was taken by the plaintiff.

The Cohoes Railway Company offered no testimony, and at the close of the plaintiff's case moved for a nonsuit on the ground that the plaintiff had not shown any negligence on the part of that company, that the condition of the track was not the proximate cause of the accident, and that it appeared that the negligence, if any, was the negligence of the United Traction Company. The motion was denied and an exception was taken by the defendant. The plaintiff was a motorman employed by the defendant Cohoes Railway Company. The route of the plaintiff at the time of the accident was from the corner of Washington avenue and Third street in the city of Rensselaer to Steuben street in the city of Albany. The cars of the Cohoes Railway Company entered Albany at South Ferry street, over the Albany and Greenbush bridge, and ran northerly up Broadway and State street, over the track of the United Traction Company to Steuben street. There is a double track on Broadway to Hudson avenue, and a single track thence to State street, a distance of about 300 feet. The accident occurred on the single track of the United Traction Company about a car length from the switch March 29, 1907, 22 minutes after 11 o'clock at night. There is an ascending grade of 9 inches to 100 feet from the point of accident to State street and an ascending grade of 4 inches to 100 feet south of the point of accident to Trotters alley, a distance of 250 feet. The plaintiff testified that, when he got near Trotters alley or above it, he saw the car of the United Traction Company coming at State street; that he kept on going, and, when about 15 or 20 feet from the single track, he applied the emergency brakes and reversed the power; that the track was slippery, and he could not stop the car until it had run or slid over the switch and a car length on the single track. He stated that he had run over the track during the two years preceding the accident; that the United Traction Company sanded the tracks in the city of Albany, and the Cohoes Railway Company sanded the tracks in Rensselaer; that he "never saw the Cohoes Company doing any sanding over in Albany"; that he went to work at 5:15 in the afternoon, and made a trip every 20 minutes; that there was sand on the track in Rensselaer; that he knew the fact that the car tracks in Albany were not sanded and knew it "ever since 5:15 that evening." The court told the jury that, if the Cohoes Railway Company was negligent at all, it was because it did not sand the track at this point. "That there was no negligence in any particular unless it was negligence to fail to sand the track." He further instructed the jury that it was for them to say whether the conditions which existed made it necessary to sand the tracks and impose the duty upon the Cohoes Railway of sanding the tracks in order that they

might operate their cars safely and carefully on the tracks of the United Traction Company.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

John B. Holmes, for plaintiff.
Louis E. Carr, for defendant.

SEWELL, J. One of the questions presented by this appeal is whether the trial court had power to grant the application of the plaintiff to amend the complaint by setting forth the acts of negligence on the part of the United Traction Company which he claimed caused the accident. Section 723 of the Code of Civil Procedure provides that:

"The court may upon the trial, or at any other stage of the action, before or after judgment, in furtherance of justice, and on such terms as it deems just, amend any process, pleading, or other proceeding * * * by inserting an allegation material to the case. * * *"

The complaint clearly avers that while carefully and cautiously operating one of the cars of the Cohoes Railway Company the plaintiff was injured by the carelessness and negligence of the United Traction Company as well as the negligence of the Cohoes Company, and specifies the particular negligent act on the part of the United Traction Company that one of its cars ran into and struck the car operated by the plaintiff, and the plaintiff was thereby severely injured.

In Oldfield v. N. Y. & Harlem R. R. Co., 14 N. Y. 310, it was held that a general averment of negligence was sufficient to authorize evidence of the defendant's neglect or misconduct tending to produce the injury without a more particular statement in the pleading. In Jackman v. Lord, 56 Hun, 192, 9 N. Y. Supp. 200, the complaint alleged that the plaintiff was injured by being hit by some object thrown by an explosion of gas, which explosion was caused by the negligence of the defendant, and the court held that it was sufficiently definite and certain. In McCarthy v. N. Y. C. & H. R. R. Co. (Super. Buff.) 6 N. Y. Supp. 560, the complaint alleged that, while the plaintiff was in the depot waiting to take the train, "it carelessly and negligently ran and propelled one of its cars upon and against the plaintiff, whereby he was injured," and the court held that the complaint stated with sufficient certainty and definiteness the negligent acts complained of. To the same effect is Edgerton v. N. Y. & Harlem R. R. Co., 39 N. Y. 227; Roblee v. Town of Indian Lake, 11 App. Div. 435, 42 N. Y. Supp. 326; Murphy v. Milliken, 84 App. Div. 582, 82 N. Y. Supp. 951; Ellsworth v. Agricultural Society, 99 App. Div. 119, 91 N. Y. Supp. 1040. According to the doctrine of these cases, the complaint in the present case was sufficient as a pleading to give the plaintiff a standing before the court, and the court the power to allow the amendment.

The question of the liability of the Cohoes Railway Company is also presented by this appeal. It is urged by that appellant that the plaintiff should have been nonsuited because the evidence was insufficient to establish its liability for the injury to the plaintiff from the accident. It is not claimed, nor is there anything in the evidence to show, that

the Cohoes Railway Company or any of its officers, agents, or servants, except the plaintiff, had actual knowledge of the condition of the track where the accident occurred. It does not appear that the Cohoes Company was under legal obligation to keep the tracks of the United Traction Company in a safe condition, or that it had anything to do with its tracks except to run its cars over them. Nor is there a particle of evidence to show that the United Traction Company was not bound by contract to sand its tracks and to keep them reasonably safe for persons lawfully using them. The burden of showing an omission of duty in this respect was upon the plaintiff, and, in the absence of any evidence to the contrary, the presumption is that a proper contract was made by the defendants. Rose v. B. & A. R. R. Co., 58 N. Y. 217. We may also assume that such a contract was made from the plaintiff's own testimony that each company sanded its own tracks. The only neglect which the learned counsel for the plaintiff imputes to the Cohoes Company is that it failed to discover and remedy the defect. It is true that the general rule is that a master is bound to use reasonable care and prudence for the safety of his servants, in providing them with a safe place in which to work, and in maintaining it in a reasonably safe condition. The rule is based upon the possession and control by the master of the place where his servants are required to work. The duty of the master flows from and is measured by his possession and control of the place just as his liability for the acts of his servants is based upon his power to control them. It follows that this rule has no application where the place is not in the possession or control of the master, and he is ignorant of its condition. In such a case it would seem upon principle that the master may assume that the one in the possession and control of the place has properly discharged that duty, and that the place is reasonably safe and suitable for the purposes for which it is used.

It would certainly be impracticable for one railroad company to inspect the track of another company, over which it has no control, and to repeat the inspection every time a train or car passed over it, and I cannot find any reported decision in which it has been held that negligence may be imputed to a railroad company for not discovering a defect in the track of another company. The authorities seem pretty clearly to establish the rule that an employé cannot recover for an injury from a defective place where the place was not under the control of the master without showing that the employer had knowledge of the defect. Any other rule would make one railroad company liable for the negligence of another. There is a plain distinction between the case at bar and one where a railroad company receives cars from another company to transport over its road. In such a case the convenience and necessities of business do not prevent the receiving company from making an inspection of the cars received. They are under the absolute control of the company transporting them—as much so as of any car owned by the company. They may be detained long enough to make inspection, and it is plain that they should be treated for the time being as the cars of such company.

I am therefore of the opinion that, under the circumstances of this case, the jury was not warranted in finding that the Cohoes Railway

Company was negligent, and that the judgments entered herein, and the order denying a new trial should be reversed and a new trial granted, with costs to appellant to abide the event. All concur, SMITH, P. J., in result, except COCHRANE, J., dissenting.

COCHRANE, J. (dissenting). I dissent as to the reversal of the judgment against the Cohoes Railway Company. In common with the United Traction Company, the Cohoes Railway Company operated its cars through the city of Albany over the track of the former company. That track formed a continuous line with the track of the Cohoes Company, and was permanently used by the latter company under some arrangement made with the other company. I do not think that a railroad company under such circumstances using the track of another company is at liberty to take absolutely no precautions for the safety of its employés, and then be permitted to evade its responsibility or its duty to such employés of furnishing them a safe place in which to work by the argument that it had no right to inspect or repair the track of the other company. It should by a traffic agreement with the other company reserve to itself such right or at least affirmatively place such right upon the other company.

The precise question here involved was decided in the case of Wisconsin Central Railroad Company v. Ross, 142 Ill. 9, 31 N. E. 412, 34 Am. St. Rep. 49, where a brakeman was killed by reason of the defective character of the rails and ties upon the track of a railroad not owned by the defendant, but over which it operated its cars by some kind of an arrangement with the owner of the track. It was claimed that the defendant was liable because the defective tracks did not belong to it, but it was held otherwise, the court saying:

"Where the employé of a railroad company is directed to use the road of another company in the business of his employer, he has the right to treat such road as the road of the company employing him; and every railroad company whose employés use the road of another company under its direction or for its benefit owes it as a duty to such employés to see that such road is not in a condition which will unnecessarily endanger their lives or limbs. The rule is thus stated in Wood, Mast. & Serv. (2d Ed.) § 357, p. 735: 'A railway company running its trains over the track of another railway is liable to its servants for defects therein, when it would be liable if the injury resulted from defects on its own track.' To the same effect are Stetler v. Railway Co., 46 Wis. 497, 1 N. W. 112, and cases there cited; Railroad Co. v. Kanouse, 39 Ill. 272, 89 Am. Dec. 307; Elmer v. Locke, 135 Mass. 575; Snow v. Railroad Co., 8 Allen (Mass.) 441, 85 Am. Dec. 720. We are therefore of the opinion that the liability of the appellant cannot be defeated upon the ground that the road in use at the time of the accident did not belong to appellant."

In Thompson on Negligence, § 3730, the general rule is stated as follows:

"If a railroad company acquires the permission to use the tracks of another company, it becomes responsible to its own servants for injuries happening to them through defects therein in like manner as it would have been if it had been its own track."

See, also, to the same effect, section 3735.

I think the same principle has been held in this state in the case of McGuire v. Bell Telephone Company, 167 N. Y. 208, 60 N. E. 433, 52

L. R. A. 437. There the defendant telephone company strung its wires on the poles of another company with the permission of the latter and which poles were also equipped with wires which were used by the owner; the poles being jointly used by the two companies. The defendant's lineman climbed one of the poles for the purpose of adjusting wires, when the pole broke because of its decayed condition, and he was injured. The argument was there made, as in this case, that the defendant had no right to inspect the pole of another company. The court held as follows:

"It [the defendant] was bound both as to third parties and as to its own workmen to erect and maintain a reasonably safe structure, and it had no right to use for that purpose an unsafe appliance, whether its own or that of a third party. By using the pole as part of its line it adopted it as its own."

And again:

"If the license received by the defendant from the gas and electric company did not permit it to properly inspect the pole to ascertain its safety, then the fault lay with the defendant in using a pole, the contract as to which with its owner precluded defendant from seeing that it was safe."

There is no contention here that by its contract with the United Traction Company the Cohoes Railway Company had required the former company to sand the tracks. If such were the case, a question would arise as to whether by such an agreement the Cohoes Railway Company had discharged its duty of reasonable care to its employés. That question was suggested, and not answered in the case last cited, and it need not be answered here because it does not appear that such was the fact. It had been the custom of the traction company to sand the tracks, but the plaintiff of course did not know that such action was solely performed in the discharge of the duty which that company owed to its own employés. He had a right to assume that his employer had by an agreement with that company made proper provision for his protection. In the language of the opinion in the case last cited:

"It does not appear that he had any knowledge of the terms of the agreement under which the defendant used the [track]. He is not chargeable with notice of the fact that under the agreement the defendant as is claimed by its counsel had no right to inspect the [track] or repair it, and the owner was under no obligation to do either. He cannot be said to have assumed the risk of such a situation."

It seems to me that this judgment against the Cohoes Railway Company is well supported both on principle and by authority, and that the judgment as to such defendant should be affirmed.