that he went all over the building, and that the intestate was with him at some time, and that the plaster was on each floor—a day's supply on each of the 10 floors.

It would seem to me that the duty of the intestate to visit these various floors from time to time in order to keep alive the fires in these stoves "necessarily required him to know the conditions of each floor," to quote the language of Gray, J., in the opinion of the Court of Appeals.   And it must be remembered that the evidence is not that the intestate stepped into this opening as if it was a pitfall unseen, but that he stumbled or tripped and then fell into the opening—an occurrence consistent with his knowledge of the existence thereof.

The judgment and order must be reversed, and a new trial must be granted; costs to abide the event.   All concur, except RICH, J., who dissents.

---

### SCHLESINGER v. CENTRAL R. CO. OF NEW JERSEY.

(Supreme Court, Appellate Term.   November 10, 1911.)

PLEADING (§ 8*)—REQUISITES.

Under the rule that a plaintiff, charging a defendant with negligence, must plead the facts on which the charge is based, a complaint for personal-injuries, which alleges that plaintiff was caused to be struck by a projectile by reason of the negligence of defendant and without any contributory negligence, but which does not set forth any facts sustaining the conclusion, does not state a cause of action.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 12–28½; Dec. Dig. § 8.*]

Guy, J., dissenting.

Appeal from City Court of New York, Special Term.

Action by Fanny Schlesinger against the Central Railroad Company of New Jersey.   From an interlocutory judgment overruling a demurrer to the amended complaint, defendant appeals.   Reversed, with leave to plaintiff to amend the complaint.

Argued before SEABURY, GUY, and COHALAN, JJ.

De Forest Bros. (Gomer H. Rees and Henry L. de Forest, of counsel), for appellant.

Leopold B. Pollak, for respondent.

COHALAN, J.   The defendant appeals from an interlocutory judgment entered upon a decision overruling the defendant's demurrer to the plaintiff's amended complaint on the ground that it does not state facts sufficient to constitute a cause of action.   The action is brought to recover damages for personal injuries.   The allegation, which is the sole basis of the cause of action, reads as follows:

"That the plaintiff was caused to be struck by the said projectile by reason of the negligence and carelessness of this defendant, and without any contributory negligence on the part of the plaintiff."

These are the only words in the complaint upon which the defendant's liability is predicated.   The pleader does not show the omitted

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

act that should have been done by the defendant, or the culpable act that was done by it. A plaintiff, charging a defendant with negligence from which damages result, should apprise the defendant in his pleading of the facts upon which the charge of negligence is based. Pagnillo v. Mack Paving & Construction Co., 142 App. Div. 491, 127 N. Y. Supp. 72. In that case the complaint alleged that the plaintiff's intestate suffered mortal injuries, "caused solely by the negligence of the defendant and of the person then and there intrusted by it, and then and there exercising superintendence for it," etc. In holding that it was not sufficient to merely allege that the injuries were "caused solely by the negligence of the defendant," the court said:

"What was the omitted act that should have been done, or the culpable act that was done? Does it relate to place, appliance, tool, rule, instruction, or order? The complaint is silent. In this state I discover no authority sustaining a pleading bare of facts. Upon examination it will be found that in the decision invoked by the appellant there is some fact stated, either an omission or an act, upon which negligence was predicated and charged, it may be, by a general allegation of negligence, as to such act or omission, allowing evidence of details associated with such act or omission."

It follows, from this most recent decision, and other authorities, that, having set forth in his complaint "that the plaintiff was caused to be struck by the said projectile by reason of the negligence and carelessness of this defendant," without setting forth any facts to sustain that conclusion, the plaintiff has failed to plead a cause of action.

Interlocutory judgment reversed, with $10 costs and disbursements, with leave to plaintiff to amend the complaint within six days, upon payment of costs in this court and in the court below.

SEABURY, J., concurs. GUY, J., dissents.