SMITH v. PARKER.

(Bronx County Court. June 2, 1915.)

1. PLEADING ⬤⟿8—CARELESS DRIVING—ACTIONS—SUFFICIENCY OF COMPLAINT.

In an infant's action for damages for personal injuries, a complaint alleging that defendant and his servant or employé were negligent in the management and operation of a carriage and the control of a horse, in consequence of which, and without his fault, plaintiff was knocked down, liberally construed, stated facts sufficient to make out a cause of action.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 12–28½, 68; Dec. Dig. ⬤⟿8.]

2. PLEADING ⬤⟿346—FRIVOLOUS DEMURRER.

In such action, defendant's demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action was not frivolous.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1060–1064; Dec. Dig. ⬤⟿346.]

Action by James H. Smith, an infant, by Josephus Smith, his guardian ad litem, against Bedell Parker. On motion by plaintiff for an order overruling the defendant's demurrer to the complaint as frivolous, and for judgment on the pleadings. Demurrer overruled, and motion for judgment granted, with leave to answer.

John Blumenthal, of New York City, for plaintiff.
Gardner, Tyndall & Barton, of New York City (John M. Gardner, of New York City, of counsel), for defendant.

GIBBS, J. This is a motion for an order overruling the demurrer herein as frivolous and for judgment on the pleadings. Plaintiff is an infant of the age of 14 years, and seeks to recover money damages for personal injuries alleged to have been sustained by him by reason of the negligent operation of a horse and carriage owned and controlled by the defendant. The allegation in the complaint which is the basis of the cause of action, reads as follows:

"That this defendant and his servant or employé were negligent and careless in the management and operation of the said carriage, and the control of the said horse, and in consequence thereof, and without fault on the part of the infant plaintiff, James H. Smith, he was knocked violently to the ground by the said horse and carriage."

The defendant has demurred to the complaint on the ground that the said complaint does not state facts sufficient to constitute a cause of action, and the plaintiff moves for judgment on the pleadings.

[1] The defendant argues that the demurrer should be sustained be-

---

cause the complaint states a bare conclusion and is barren of facts constituting a cause of action. I am unable to agree with this view of the defendant, and I hold that the complaint does state facts sufficient to make out a cause of action. It seems to me that the essential facts, which, if established, entitle the plaintiff to recover, are stated in his complaint. No doubt some details are missing, but a lack of circumstantial detail does not make the pleading defective. If the facts are set forth clearly and with certainty in the complaint, and they constitute, upon a liberal construction, a cause of action, that is sufficient. Under the doctrine of liberal construction of pleadings, the courts have uniformly held that substantial justice requires simple and commonsense interpretation of allegations contained in pleadings, and that to strain in the direction of finding ambiguity and uncertainty is to retard, and not promote, the interests of substantial justice.

The defendant relies on the case of Schlesinger v. Central Railroad Co. of N. J., 74 Misc. Rep. 91, 131 N. Y. Supp. 723, but an examination of that case shows that the plaintiff there relied entirely on an allegation which reads as follows:

"That the plaintiff was caused to be struck by the said projectile by reason of the negligence and carelessness of this defendant."

That this allegation is of too general a character is not open to debate, and if the plaintiff's allegation in this case was of the same order I would unhesitatingly sustain the demurrer; but plaintiff's complaint clearly sets forth that the defendant or his servant or employé was *careless in the management and control of the said carriage and horse and the control of the said horse,* which indicates the wrongful act that was committed by the defendant or his servant.

The plaintiff seems to have modeled his complaint upon a specimen complaint to be found in Abbott's excellent forms of pleading, and which has stood the test of time. Allegations similar to the allegation of the plaintiff herein have been upheld in McCarthy v. New York Central & Harlem R. R. Co., 6 N. Y. Supp. 560, Edgerton v. N. Y. & Harlem R. R. Co., 39 N. Y. 227, Oldfield v. N. Y. & Harlem R. R. Co., 14 N. Y. 310, and Powell v. Cohoes Ry. Co., 136 App. Div. 204, 120 N. Y. Supp. 336.

[2] I am unable to say that the demurrer is frivolous, but, under the decisions, I must overrule the demurrer and grant the motion for judgment on the pleadings, with leave to the defendant to interpose an answer herein within 10 days, upon payment of $10 costs.