MARY DZIENGELEWSKY, as Administratrix, etc., of WLADY-SLAW DZIENGELEWSKY, Deceased, Respondent, *v.* TURNER & BLANCHARD, INC., Appellant.

Second Department, April 9, 1920.

Ships and shipping — negligence — death of employee of stevedore caused by defect in standing rigging of government vessel — failure of stevedore to inspect — evidence not justifying recovery — right of stevedore to assume that rigging on government vessel is properly maintained.

Where a longshoreman employed by a stevedore to load a United States transport was drowned by reason of the giving way of a part of the standing rigging of the ship from which a portion of a gangway was suspended, it was error to allow a recovery upon the theory that it was the duty of the stevedore to discover by inspection and remedy the defect which caused the gangway to fall, for in the absence of anything to excite suspicion or apprehension the stevedore might assume that due care was used by those in charge of the transport and cannot be charged with notice of the wear or internal decay of part of the ship's permanent standing rigging.

The stevedore cannot be blamed because he never demanded from the ship's officers that the standing rigging be taken down and unrove for his inspection.

It *seems*, that the evidence might have made a *prima facis* case against the shipowner had the vessel been a private merchantman and not a government transport.

Appeal by the defendant, Turner & Blanchard, Inc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 10th day of April, 1919, upon the verdict of a jury for $10,000, and also from an order entered in said clerk's office on the same day denying defendant's motion for a new trial made upon the minutes.

The defendant company, in the stevedore trade, had the deceased in its employ as a longshoreman. On September 6, 1918, the government transport *Celebes* was being loaded at the Bush Terminal, Brooklyn, with cargo hoisted aboard by the ship's tackle, from a scow alongside. The transport's deck was about twenty-five feet above that of the scow. The transport had out a permanent gangway or companionway, leading down alongside from the transport's deck in two inclines, to the scow.

The upper end of this gangway hinged to a platform bolted to the ship's hull. The other supports were from two falls leading to standing rigging suspended from the ship's davits. The lower section (which fell) was held by a four-part tackle, running to an upper block from a block at the top of an iron arch that spanned the foot of the gangway. This was attached above to a shorter tackle (also in four parts) made fast to the ship's davit above the deck, which upper standing rigging was kept always at same height, as those ropes did not run into the lower blocks.

As four of defendant's longshoremen, including plaintiff's intestate, came from work down this companionway, this upper standing rigging parted, whereby the lower section of the companionway dropped into the water. Plaintiff's intestate was drowned. There was evidence that this parted rope appeared to be " raggy " and dark colored. After the accident the ship's officers put in a new rope, and later lowered a Jacob's ladder down the ship's side for the men.

Although plaintiff had served a notice under the employers' liability provisions of the New York Labor Law (Art. 14, as amd. by Laws of 1910, chap. 352), she elected at the trial to stand on the defendant's liability at common law.

The issue left to the jury was that of the defendant's duty as employer to make a reasonable inspection to discover and remedy the defect from which this companionway fell. The verdict for plaintiff was for $10,000.

*E. Clyde Sherwood* [*Edward J. Redington, William B. Davis* and *Amos H. Stephens* with him on the brief], for the appellant.

*Theodore H. Lord* [*John C. Robinson* with him on the brief], for the respondent.

PUTNAM, J.:

This recovery, if sustained, puts on the employing stevedore a stringent obligation quite beyond the field and work of loading. It calls for a care and obligation regarding objects beyond the master's control, which, if attempted, would put a stevedore into conflict with the officers of the ship, especially those of a government vessel. The gangways of a government transport are put out during the ship's stay in port, for accommodation of the crew, also to take aboard military forces going overseas, and are not something specially furnished for longshoremen. In the absence of anything to excite suspicion or apprehension, the defendant might assume that due care would be used by those in charge of the transport. The foreman stevedore, however, might notice (and if necessary examine and test) anything faulty in the steps, railings or lifelines in a gangway, even on a government vessel. But in the absence of any such knowledge, or indications of defects, he cannot be chargeable with notice of the wear or internal decay of a part of the ship's permanent standing rigging far above where the men are to pass. His duty of reasonable care toward the things his men will use may extend to the ship's loading appliances, and even to its permanent fixtures, such as an eyebolt visibly corroded (See *Liverani* v. *Clark & Son,* 191 App. Div. 337, decided herewith); but the scope of his work and the lack of control and management are reasonable limits upon such a requirement. After such an unusual casualty as

the weight of four men bringing down the companionway of a troopship, the stevedore cannot be blamed because he had never demanded from the ship's officers to have the standing rigging taken down and unrove for his inspection.

The evidence may possibly have made a *prima facie* case to recover against the shipowner (had the *Celebes* been a private merchant vessel, and not a government transport), but did not establish fault on the part of the stevedore. An employee cannot recover for an injury from such a defective place, where the place was not under the master's control, without showing that the employer had knowledge of the defect. (*Powell* v. *Cohoes Railway Co.*, 136 App. Div. 204 — a general principle specially applicable to shore laborers on a vessel; *Hughes* v. *Leonard*, 199 Penn. St. 123; *Moynihan* v. *King's Windsor Cement, etc., Co.*, 168 Mass. 450; *O'Malley* v. *N. Y., N. H. & H. R. R. Co.*, 210 id. 344.)

Therefore, appellant's exceptions to the denial of its motions to dismiss the complaint when plaintiff rested, and at the close of the whole case, should be sustained. This result does not require us to consider the defense under the State Workmen's Compensation Law, claimed to be available by the amendment of October 6, 1917 (40 U. S. Stat. at Large, 395, chap. 97, §§ 1, 2), to subdivision 3 of section 24 and subdivision 3 of section 256 of the Federal Judicial Code (36 U. S. Stat. at Large, 1091, § 24, subd. 3; Id. 1161, § 256, subd. 3).

The judgment and order should, therefore, be reversed, with costs of the appeal, and the complaint dismissed, with costs.

Jenks, P. J., Rich, Blackmar and Jaycox, JJ., concur.

Judgment and order reversed, with costs of the appeal, and complaint unanimously dismissed, with costs.