EDWARD J. EBERLE, an Infant, etc., by EDWARD F. EBERLE, His Guardian ad Litem, Respondent, v. WILLIAM F. SCHWALB and GEORGE C. SCHWALB, Copartners, etc., Appellants.— Judgment and order reversed and new trial granted, with costs to appellants to abide the event, on the ground of prejudicial error in admitting testimony to contradict denials on cross-examination of defendants' driver respecting his alleged statements made the night after the casualty that the brake did not work. The charge of unlawful speed without signal or warning did not cover defects of vehicle or respecting the brakes. (*Murphy* v. *Milliken*, 84 App. Div. 582; *Stenger* v. *Buffalo Union Furnace Co.*, 109 id. 183; *Capell* v. *N. Y. Transportation Co.*, 150 id. 723.) Counsel cross-examining into collateral matters are concluded by the answers thus obtained. Jenks, P. J., Rich, Putnam, Blackmar and Kelly, JJ., concur.

In the Matter of the Petition of GLADYS H. B. DESCALZI, Respondent, to Render and Settle Her Account as Administratrix of VICTOR T. DESCALZI, Deceased. PAULO DESCALZI, Appellant.— Decree of the Surrogate's Court of Kings county affirmed, without costs. No opinion. Jenks, P. J., Rich, Putnam, Blackmar and Kelly, JJ., concur.

In the Matter of the Application of the UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellant, to Be Released as Surety on the Bond of GEORGE C. BUTTS, as Administrator of KITTIE E. BUTTS, Deceased, Respondent.— Order of the Surrogate's Court of Suffolk county reversed, and motion granted, with ten dollars costs and disbursements, on the ground that the surety was entitled to its discharge as provided by section 812 of the Code of Civil Procedure, as amended by Laws of 1901, chapter 524, as a matter of right. Jenks, P. J., Rich, Putnam, Blackmar and Kelly, JJ., concur.

ADELE KRUSE, Respondent, v. JOHN HENRY KRUSE, Appellant.— Order affirmed, with ten dollars costs and disbursements. No opinion. Jenks, P. J., Rich, Putnam, Blackmar and Kelly, JJ., concur.

EDMUND O'CONNOR, Appellant, v. NATHAN S. JONAS and Others, Respondents.— Order modified by omitting the provisions striking out matter in the original complaint relative to the assault and publication of the alleged arrest in the newspapers; and as modified affirmed, without costs of this appeal. The learned justice at Special Term has properly granted defendants' motion to compel the service of an amended complaint setting forth in plain, concise and simple language the alleged cause of action for false arrest and imprisonment which plaintiff admits is the single cause of action which he desires to present for trial. The amended complaint will take the place of the original pleading in all its details and allegations. Therefore, there is no necessity for striking out these particular allegations in the original complaint. Whether they will be repeated in the amended pleading, or if so repeated will be objectionable, cannot be determined here. Jenks, P. J., Mills, Rich, Kelly and Jaycox, JJ., concur.