# Smith, Stewart Co. v. Castellow.

*Action against Sheriff and Sureties, for Failure to make Money on Execution.*

1. *Sufficiency of complaint; burden of proof as to ownership of property levied on.*—In an action against a sheriff and the sureties on his official bond, for his failure to make the money on an execution, if the complaint alleges a levy of the execution on a house and lot as the property of the defendant, it is not necessary to allege also that the property belonged to him: the levy raises a presumption of ownership, and imposes on the sheriff the *onus* of rebutting it, or showing legal excuse for not making the money.

APPEAL from the Circuit Court of Geneva.
Tried before the Hon. JESSE M. CARMICHAEL.

M. E. MILLIGAN, for appellant, cited *Wilson v. Brown*, 58 Ala. 62.

SOMERVILLE, J.—The action is one against the sheriff and his sureties, for failing to make the money on an execution against one A. J. Harris, which had been returned "No property found." The only error assigned is the overruling of the demurrer filed by the defendant to the complaint. The question raised by the demurrer is, whether or not the complaint was sufficient without averring that certain property, shown to have been levied on by the sheriff as the property of the execution debtor, was in fact his property, and as such subject to execution. The complaint was, in our opinion, sufficient without this averment, in view of the allegation that the property had *been levied on by the sheriff* as

[Edwards v. Parker.]

the property of said Harris, and had been advertised for sale as owned by him.

The rule is, in the first instance, that the plaintiff in such cases must show *prima facie* that the execution debtor owns specific property, and its value, which was capable of being subjected to levy and sale. It is sufficient, ordinarily, to show the property to be in possession of the debtor, such possession being *prima facie* evidence of ownership. If the property belongs to another than the execution debtor, or is exempt from levy and sale, the burden rests on the sheriff to prove these excuses for failing to make the money.—*Abbott v. Gillespy*, 75 Ala. 180; *Governor v. Campbell*, 17 Ala. 566; *Leavitt v. Smith*, 7 Ala. 175.

But, where the sheriff actually makes a levy upon property as that of an execution debtor, this is a solemn admission, we may say an official affirmation, of the fact of ownership by the debtor, and the levy as shown by the return is admissible in evidence against the sheriff and his sureties to prove such ownership. It is not conclusive, but only *prima facie* evidence, however, and may be explained or rebutted by the sheriff. But the *onus* is on him to show a legal excuse for releasing such levy, or failing to sell the property as the defendant's.—*Wilson v. Brown*, 58 Ala. 62; *Union Bank v. Benham*, 23 Ala. 143; *Governor v. Gibson*, 14 Ala. 326; *Smith v. Leavitts*, 10 Ala. 92.

The last principle is conclusive of the present case. The Circuit Court erred in sustaining the demurrer to the complaint, and this must operate to reverse the judgment.

Reversed and remanded.