# McAfee *v.* Glen Mary Coal & Coke Co.

### *Action on Promissory Note.*

1. *Plea of want of consideration by co-maker of note.*—A plea by a defendant, in an action on a note made by him and others who are not sued, avering a want of consideration moving to the defendant and failing to negative a consideration as to his co-makers, is insufficient on demurrer.

2. *Plea of failure or want of consideration must state facts.*—A plea setting up the want or failure of consideration in a note sued on which fails to aver the facts which constitute such want, or failure of consideration, is defective.

APPEAL from City Court of Anniston.

Tried before Hon. B. F. CASSADY.

The only error assigned is the action of the court in sustaining plaintiff's demurrers to the defendant's pleas. The demurrers are as follows: 2. "For that there is no sufficient statement of the facts in said plea which are relied on as a defense to the cause of action set out in said complaint." 3. "For that said plea does not sufficiently state the facts relied on as a defense so that the plaintiff is informed of the defense intended to be made under said plea."

To said plea No. 3:

1st. For that there is no sufficient statement of the facts relied on as constituting the defense set out in said plea to inform the plaintiff of the issue to be met under this plea.

2nd. For that the facts are not so stated that a material issue can be taken thereon.

Knox & Bowie, for appellant.

Blackwell & Keith, for appellee.

No briefs came to hands of reporter.

McCLELLAN, J.—Action on promissory note alleged to have been executed by W. W. McAfee, the defendant, and D. W. and D. M. Rogers who are not sued.  The pleas were: (1.) that defendant "never promised or undertook in the manner and form alleged," (2.) "that there was no consideration to defendant for the note or obligation which is the foundation of this suit," and (3.) "that there is a failure of consideration in the note or obligation the foundation of this suit,"  The action of the trial court in sustaining demurrers to the 2nd and 3rd pleas is assigned as error.

The 2nd plea was manifestly bad in that it fails to negative consideration moving to defendant's co-makers of the note, which, of course, would support his obligation though he personally received nothing.

And both the 2nd and 3rd pleas were bad in that they are not interposed "in short by consent" and state mere conclusions of law and not the facts relied on by the defendant in defense of action.—*Carmelich v. Mims*, 88 Ala. 335.

Affirmed.