# Meyer *v.* Bloch.

### *Action of Detinue.*

1. *Pleading and practice; ruling upon demurrer to motion to strike should be shown by bill of exceptions.*—The ruling of the trial court to a demurrer interposed to a motion to strike certain

[Meyer v. Bloch.]

pleadings from the file, will not be reviewed unless presented by bill of exceptions.

2. *Detinue; sufficiency of plea of want of consideration.*—In an action of detinue, where the plaintiff's claim to the property is based upon a mortgage, a plea which avers that the property sued for was conveyed to plaintiff "by mortgage made to him by defendant, and that there was a failure of consideration for said mortgage, and the debt secured thereby," is insufficient because it fails to set out the facts showing a want of consideration.

APPEAL from the City Court of Selma.

Tried before the Hon. JOHN W. MABRY.

This was a statutory action of detinue, brought by the appellee, I. Bloch, against the appellant, J. D. Meyer, to recover mules, a wagon, farm implements, cotton and corn, etc.

The plaintiff claimed under a mortgage alleged to have been executed by him to the defendant. The defendant pleaded the general issue and by special plea sought to set up that the property mentioned in the complaint was held by a third person. The special plea was stricken on motion of the plaintiff. Thereupon the defendant filed a special plea and affidavit, in which he averred that he did not claim title to the property sued for, but that one Robert Smith, who was not a party to the suit, claimed the property sued for, and prayed that said Smith be required to come in and defend the suit.

The plaintiff moved to strike this affidavit for interpleader from the file, assigning several grounds therefor. The defendant demurred to the plaintiff's motion to strike the affidavit for interpleader, and this demurrer was overruled, and the court then granted the motion of the plaintiff to strike the affidavit for interpleader from the file.

Among other special pleas filed by the defendant, was the following: "7. And for further answer to the complaint, defendant says that plaintiff sues in this case to recover property conveyed to him by mortgage made to him by defendant, and that there was a failure of consideration for said mortgage and the debt secured

[Meyer v. Bloch.]

thereby." To this 7th plea, the plaintiff demurred upon the following ground: 1. "It fails to aver any facts showing failure of consideration." This demurrer was sustained. The other rulings of the court which are assigned as error are based upon the rulings of the court upon motions made as to the special pleadings, but there is no bill of exceptions certified to this court.

The cause was tried by the court without the intervention of a jury and judgment was rendered for the plaintiff. From this judgment the defendant appeals, and assigns as error the rulings upon the pleadings and the motions addressed thereto.

CRAIG & CRAIG, for appellant.

HENRY F. REESE, contra, cited Flournoy v. Lyon, 70 Ala. 308; Hays v. Anderson, 57 Ala. 374; Holley v. Coffee, 123 Ala. 406; Baker v. Swift & Son, 87 Ala. 530.

TYSON, J.—Of the five assignments of error, only two are insisted upon. Doubtless the other three are not urged because the matters to which they relate are not presented for review by bill of exceptions. And for that matter, one of those insisted on, which complains of the overruling of a demurrer to the motion interposed by plaintiff to strike the defendant's affidavit for an interpleader, is in the same predicament.—Jones v. City of Anniston, 138 Ala. 199; 35 So. Rep. 112, and cases there cited. Besides the office of a demurrer is to test the sufficiency of a pleading. The motion at which the demurrer was directed in this case is not a pleading in the cause.

The other assignment relates to the sustaining of the demurrer to the 7th plea. This plea is clearly subject to the defect pointed out in the demurrer.—Powell v. Crawford, 110 Ala. 294; McAfee v. Glen Mary Coal & Coke Co., 97 Ala. 709; Sims v. Herzfeld, 95 Ala. 145; Carmelich v. Mims, 88 Ala. 355.

Affirmed.