# Light *v*. Henderson.

## *Assumpsit.*

(Decided Jan. 19, 1909. 48 South. 588.)

1. *Pleading; Set-Off; Sufficiency of Allegation.*—Pleas of set-off alleging as a defense to an action on a note, that during certain months defendant had delivered to plaintiff certain goods of a specified value, that plaintiff had negligently permitted cattle to run in defendant's corn and cotton damaging it in an amount stated, and that defendant rented plaintiff his farm for a certain per cent and plaintiff failed to give possession to defendant's damage in a certain amount, are insufficient because they fail to aver a present indebtedness from plaintiff to defendant for the goods delivered or for the damages, and also fail to aver that the property delivered to the plaintiff was the property of defendant.

2. *Pleading; Failure of Consideration; Sufficiency.*—A plea which fails to set out the fact constituting the failure of consideration, is bad as a plea of failure of consideration.

APPEAL from Lowndes Circuit Court.

Heard before Hoon. J. C. RICHARDSON.

Action by J. M. Light against Frank Henderson. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

The following pleas were filed to the complaint: "(2) That, to wit, during the month of November, 1907, defendant turned over and delivered to plaintiff 1,006 pounds of lint cotton, of the value of $125, and two hoes, of the value of $1.50, and four plows, of the value of $15, and 2,000 pounds of cotton seed, of the value of $20, and 50 bushels of corn, of the value of $40, and that, to wit, during the months of November and December, 1907, the plaintiff negligently permitted a horse and four head of cattle to run at large on defendant's crop of corn and cotton, whereby said crop of corn and cotton was by said cattle trampled upon, knocked out of the open bolls, and devoured, to the defendant's damage in a large sum,

to wit, the sum of $50, all of which defendant offers to set off against plaintiff's claim and asks judgment for. overplus.   (3) That before the bringing of this suit, and during the fall of 1907, the defendant turned over and delivered at the request of the plaintiff the items with the value as set out in plea 2 (all of which is set out in plea 2), and that plaintiff permitted knowingly four head of cattle to trample, waste, and devour 2,000 pounds of cotton unpicked, belonging to the defendant, of the value of $50, to the damage of defendant in that amount, all of which defendant offers to set off against plaintiff's claim and asks judgment for the excess.   (4) That the consideration for which said note, the foundation of this suit, was given, has failed."   "(7) That he rented to defendant a farm and dwelling house of plaintiff, known as 'Swanson Lighthouse,' for the year 1907, at and for the sum of $125, and agreed to put defendant in immediate possession, for which rental and agreement on the part of the plaintiff, the defendant executed the note sued on; and defendant avers that plaintiff failed and refused to put defendant in possession of said dwelling house, to defendant's great damage, in this:   That defendant was deprived of the use thereof during the whole of said rental term, to his great damage in the sum of $25, which defendant offers to recoup against plaintiff's demand.   And defendant further avers that he delivered to plaintiff at his request (here follows a list of the items, with their value, as set out in plea 2), all of which defendant offers to set off against plaintiff's demand and claims judgment for the overflow."

Demurrers were interposed to plea 2 as follows:   "It does not appear from the allegations of said plea that the property alleged therein to have been turned over to plaintiff was to be applied to the payment of the note the foundation of this suit.   (2) For aught that appears

[Light v. Henderson.]

in said plea the property alleged to have been turned
over to the plaintiff was in satisfaction of other claims
than the one sued on.   (3) said plea seeks to have set
off against the demand sued on damages which are
shown to be unliquidated.   (4) It does not appear from
the allegations of said plea that plaintiff is indebted to
the defendant for the property alleged therein to have
been turned over to plaintiff by the defendant." These
grounds of demurrers were also interposed to plea 3.
Demurrer was interposed to plea 4 because it does not
appear from the allegation of said plea wherein the con-
sideration of said note failed.   The same grounds of de-
murrer were interposed to plea 7 as those assigned to
plea 2, with the additional ground that said plea neither
admits nor denies the allegation of the complaint, all of
which demurrers were overruled.

W. R. McGAUGH, EVANS HINSON, and J. R. BELL, for
appellant.   The pleas were clearly subject to the demur-
rers interposed.—*Sledge v. Swift,* 53 Ala. ; 7 Port. 110 ;
*Long v. Waters,* 47 Ala. 624 ; *St. L. & T. Co. v. Mc-
Peters,* 124 Ala. 451 ; *Burns v. Reeves,* 127 Ala. 127 ;
*Cooper v. Armstrong,* 69 Ala. 343 ; *Grisham v. Bodman,*
111 Ala. 194 ; 25 A. & E. Ency of Law, 1085 ; 19 Ency
P. & P. 760.   The demurrers should have been sustained
to the plea of failure of consideration.—*Powell v. Craw-
ford,* 110 Ala. 295 ; *McAbee v. Coal Co.,* 97 Ala. 709 ;
*Darby v. Berney Nat. Bank,* 97 Ala. 643 ; *Meyer v. Bloch,*
139 Ala. 174 ; see also 88 Ala. 355 ; 127 Ala. 266 ; 5 Mayf.
756.

R. L. GOLDSMITH, and H. R. GHOLSTON, for appellee.
No brief came to the Reporter.

ANDERSON, J.—The rule of common law was that
a plea of set-off must disclose a state of facts such as

would entitle the party pleading to an action, if he were suing as plaintiff.—*Crawford v. Simonton,* 7 Port. 110. It must have contained the substance at least of a declaration.—Waterman on Set-Off, 598. The certainty and formality requisite in a declaration was not necessary, but the debt or demand must have been described by amount, the time of its making, its character, and the facts fixing the liability therefor on the plaintiff.— *Sledge v. Swift,* 53 Ala. 110. While our statute enlarges the subject of set-off, it does not relieve the defendant from setting up in his plea an indebtedness from the plaintiff to him.—Code 1907, p. 1202, form 37.

Pleas 2, 3, and 7, while seeking a set-off for the value of certain personal property to the plaintiff, aver no indebtedness for same. It may have been paid for when delivered or at some subsequent time. Moreover, the pleas do not aver that the property turned over to the plaintiff was the defendant's property. It may have been the plaintiff's own property that was delivered. The trial court erred in not sustaining the plaintiff's demurrer to pleas 2, 3, and 7.

A plea of failure of consideration, which fails to set out the facts constituting the failure, is bad on demurrer.—*Meyer v. Bloch,* 139 Ala. 174, 35 South. 705, and cases cited. The fourth plea was subject to the demurrer interposed.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, SIMPSON, and MCCLELLAN, JJ., concur.