# Bullard Car Door Equipment Co. v. Oak Leaf Coal Co.

*Assumpsit.*

(Decided June 3, 1913. Rehearing denied July 19, 1913. 62 South. 317.)

*Set off and Counter Claim; Mutual Debt; Pleading.*—A plea alleging that defendant claimed of plaintiff a certain amount for merchandise sold by defendant to plaintiff before the commencement of the action, which sum was, at the commencement of the action with interest thereon, due and unpaid, and which sum defendant offered to set off against demands of plaintiff sued on, claiming judgment for the excess, as against the demurrer interposed, sufficiently alleges an existing indebtedness between the parties which defendant offers to set off against plaintiff's claim.

APPEAL from Birmingham City Court.

Heard before Hon. C. C. NESMITH.

Action by the Oak Leaf Coal Company against the Bullard Car Door Equipment Company. From a judg-

ment for plaintiff, defendant appeals.   Reversed and remanded.

The fifth plea was as follows: "Defendant claims of the plaintiff $500 for goods, wares, and merchandise sold by defendant to plaintiff before the commencement of this suit; the same being sold heretofore, to wit, in September and November, 1910, and in May, 1911, which sum of money was at the commencement of this suit, with interest thereon, due and unpaid, and still is due and unpaid, and which sum defendant hereby offers to offset against the demands of the plaintiff here sued on, and claims judgment for the excess."

HARSH, BEDDOW & FITTS, for appellant.   Neither of the pleas were open to the grounds of demurrer interposed.—*Morgan v. Shapherd,* 158 Ala. 410; *Mobile E. Co. v. Sanges,* 169 Ala. 341; Sec. 5340, Code 1907.   The pleas do not seek to recoup.—*Washington v. Timberlake,* 74 Ala. 263.   The demands set up were demands which at the time could have been made the foundation for separate actions against the plaintiff at the commencement of the suit.—*St. L. & T. P. Co. v. McPeters,* 124 Ala. 451; *Goldthwaite v. Nat. Bank,* 67 Ala. 549. The plea was good as a plea of set off.—Sec. 5859, Code 1907; *Scott v. Rivers,* 1 S. & P. 19; *Clayton v. Clark,* 11 Ala. 787; *Lawton v. Rickerts,* 104 Ala. 431.

THOMPSON & THOMPSON, for appellee.   Appellants's counsel failed to argue any special assignment of error separately as provided by rule 10, Supreme Court Practice.   A plea of set off or recoupment must be as certain and definite as a count in a complaint.   Hence, the pleas were subject to the demurrers interposed.

PELHAM, J.—Plea No. 4 is so drafted by the pleader that it can be contended with some plausibility that,

taking its averments most strongly against the pleader, it fails to aver that the account set up as a set-off to the plaintiff's claim was a subsisting indebtedness between the parties in that it fails to directly aver in so many words that the account was due from the plaintiff to the defendant, and it might, for anything alleged in the plea, be an account due from the plaintiff to some third party.—*Jones v. Blair,* 57 Ala. 457. The allegations of the fifth plea, however, are not subject to this ground of demurrer. It avers, by a fair construction of the allegations of the plea, an existing indebtedness subsisting between the parties for goods, wares, and merchandise sold by the defendant to the plaintiff, which it offers to set off against the demand of the plaintiff. The fifth plea was not deficient in any matter pointed out by the demurrers interposed to it, and the court was in error in sustaining the demurrers to this plea. The pleadings show that the defendant under the averments of his plea (No. 5) was setting up an indebtedness due from the plaintiff to him; that the debts were mutual; and that the demands were subsisting causes of action, such as would give the plaintiff and defendant simultaneous causes of action, one against the other, at the time suit was brought.—Code, p. 1202, form 37; *Lawton v. Ricketts,* 104 Ala. 430, 16 South. 59; *St. Louis & Tenn. River Packet Co. v. McPeters,* 124 Ala. 451, 27 South. 518; *Light v. Henderson,* 158 Ala. 200, 48 South. 588.

Reversed and remanded.