(76 South. 466)

HIGDON et al. v. FIELDS.     (6 Div. 28.)

(Court of Appeals of Alabama.    June 12, 1917.)

1. SHERIFFS AND CONSTABLES ⊙⟶137(1) — FAILURE OF SHERIFF TO LEVY ATTACHMENT —LIABILITY—PLEADING.

In an action against a sheriff for failure to levy an attachment, the complaint, alleging that the sheriff could have levied the writ on defendant's property, and that, while the attachment was in the hands of the sheriff, defendant in the cause in which the attachment was issued owned property in the county subject to execution, on which the sheriff, by reasonable care, could have levied the attachment, and out of the sale of which, under the attachment, the sheriff could have made the demand of plaintiff in the cause, or a substantial part, was not demurrable.

2. SHERIFFS AND CONSTABLES ⊙⟶106 — DUTY AS TO EXECUTIONS—STATUTE.

By Code 1907, § 4098, it is the duty of a sheriff to execute with diligence all executions which may come into his hands, and to make returns promptly, and the sheriff and his bondsmen are liable for any negligent failure to perform such duty.

3. SHERIFFS AND CONSTABLES ⊙⟶106—DUTY TO LEVY WRIT OF ATTACHMENT — ACQUITTANCE.

For the sheriff to have acquitted himself of his duty to levy writ of attachment in an action, he should have levied the writ on real estate standing in the name of defendant in the suit in which the attachment was issued, which a third person claimed to have bought, when the fact would have been developed that the purchaser of the property from defendant still owed a balance on the purchase money, and the sheriff's writ of garnishment could have issued against the debt, thus securing to plaintiff in the action the amount due him.

4. SHERIFFS AND CONSTABLES ⊙⟶138(1) — FAILURE TO LEVY ATTACHMENT—BURDEN OF PROOF.

In an action against a sheriff for failure to levy writ of attachment, it having been shown that the execution debtor owned specific property subject to levy and sale, and the value of the property having been proved, the burden was on the sheriff to prove some excuse valid in law for failure to make the money.

5. SHERIFFS AND CONSTABLES ⊙⟶138(3) — FAILURE TO LEVY WRIT OF ATTACHMENT— SUFFICIENCY OF EVIDENCE.

In an action against a sheriff for failure to levy writ of attachment, evidence *held* sufficient to sustain judgment for plaintiff.

Appeal from Circuit Court, Jefferson County; E. C. Crow, Judge.

Action by W. M. Fields against E. L. Higdon and others for damages for failure to levy a writ of attachment. From a judgment for plaintiff, defendants appeal. Affirmed.

W. K. Terry, of Birmingham, for appellants. Harsh, Harsh & Harsh, of Birmingham, for appellee.

SAMFORD, J.  [1] On a former appeal of this case (Higdon et al. v. Fields, 3 Ala. App. 322, 57 South. 58) the judgment of the lower

court was reversed, because the complaint failed to allege that the defendant in the writ owned or was in possession of the property legally subject to be levied on, and that the defendant would have found it if he had been duly diligent. Upon the last trial, the plaintiff amended his complaint, by adding the following:

"And plaintiff avers that, while said attachment was in the hands of said sheriff for levy, the defendant in said cause in which said attachment was issued, viz., said L. T. Kelly, owned property in said Jefferson county, Alabama, subject to execution, and upon which said sheriff, by the exercise of reasonable care, could have levied said attachment, and out of the sale of which, under said attachment, said sheriff could have made the demand of plaintiff in said cause in which said attachment was issued, or a substantial part thereof."

This amendment sufficiently meets the requirements as set out in the case of Higdon et al. v. Fields, supra, and the trial court did not commit error in overruling the demurrer to the complaint as amended.

[2] The second assignment of error is based on the action of the trial court in rendering judgment in favor of plaintiff and against defendant. It is the duty of a sheriff to execute with diligence all executions which may come into his hands as such sheriff, and to make returns thereon promptly, and the sheriff and his bondsmen are liable for any negligent failure to perform such duty. Section 4098, Code 1907; Smith-Stewart Co. v. Castellow, 88 Ala. 355, 6 South. 750, and cases there cited. The rule as stated in Smith-Stewart Co. v. Castellow, 88 Ala. 355, 6 South. 750, is:

"In the first instance, the plaintiff in such cases must show prima facie that the execution debtor owned specific property, and its value, which was capable of being subjected to levy and sale. It is sufficient, ordinarily, to show the property to be in possession of the debtor; such possession being prima facie evidence of ownership."

The evidence in this case shows that, on December 5th, plaintiff sued out an attachment against the original defendant, and, on the 6th of December, put into the hands of the sheriff of Jefferson county (the defendant) or his deputy the writ of attachment. This writ was returned on December 31, 1908, marked "No property found." It also appears from the evidence that the defendant Kelly had several pieces of property standing in his name and located in Jefferson county. It appears that this property has been assessed to Kelly for taxes; that the title to it was in his name; that he had been in possession of it, claiming it as his own; that some time in October Kelly had contracted to sell this property to one Hinze, and at the time of making the contract Hinze paid $50 of the purchase money and had gone into the possession of the property. Thereupon Kelly left the state of Alabama, going to the state of Oklahoma, where he now resides, and has resided since the original contract of sale was made. The balance of the purchase mon-

ey was to be paid when Kelly got in a position, or it was found that Kelly had the right, to make a good deed to the property to Hinze. This fact was not ascertained until December 15th, some six or seven days after the writ of attachment had gone into the hands of the defendant, and during this time the title to the property remained in Kelly, the defendant in the attachment proceedings. The deputy sheriff who had this writ in his possession for levy testified that he had long known the property to be Kelly's and there was testimony that it had been openly and notoriously owned by Kelly for a great many years.

[3] It is true that Brent, the deputy sheriff, testified that Hinze told him that he had bought the property; but that should not have been the extent of the investigation made by the sheriff in order to diligently execute a writ which had been placed in his hands for execution. It also appears from the evidence that the sheriff had a description of this identical property. In order for the sheriff to have acquitted himself of the duty incumbent upon him, he should have levied the writ of attachment upon this property, which was standing in the name of the defendant in the original suit. Then the fact would have been developed that Hinze still owed a balance on the purchase money, and the sheriff's writ of garnishment could have issued against that debt, thereby securing to the plaintiff in the original suit the amount due to him.

[4] It having been shown in this case that the execution debtor, Kelly, owned specific property, and the value of the property having been proved, and that it was subject to levy and sale, the burden rests upon the sheriff to prove some excuse which would be valid in law, for failing to make the money. Abbott v. Gillespy, 75 Ala. 180; Governor v. Campbell, 17 Ala. 566; Leavitt v. Smith, 7 Ala. 175.

Under the evidence in this case, we are of the opinion that the defendant did not acquit himself of this burden, and therefore the trial court was justified in finding a verdict for the plaintiff and against the defendant. The fact that Kelly had lived on this land, and might have claimed it as exempt to him under the Constitution and laws of this state, cannot avail the defendant in this action, for the reason that the evidence shows that Kelly had abandoned whatever homestead rights he had in this property and ceased to be a citizen of the state of Alabama.

The contention of the defendant that there had been a compromise of the various suits pending against him in favor of the plaintiff is not tenable, for the reason that it is not shown from the evidence, as set out in the transcript, that the agreement of compromise was ever fully consummated. It is true an effort was made on the part of Higdon to bring about this compromise, and there is evidence tending to show that the plaintiff

at one time negotiated with Higdon looking to a compromise; · but the evidence fails to show that the compromise agreement was ever completed.

[5] The third assignment of error challenges the judgment of the court in overruling the defendant's motion for a new trial. From what has been said in the discussion of assignment of error No. 2, it follows that the trial court did not commit error in refusing to grant a new trial.

We find no error in the record, and the judgment of the lower court is affirmed.

Affirmed.