[No. 3,507.]

JOHN TENNANT ET. AL. *v.* ADOLPH PFISTER ET AL.

MISJOINDER OF PARTIES PLAINTIFF IN COMPLAINT.—When it appears on the face of the complaint that there is a misjoinder of parties plaintiff, the objection must be taken by demurrer, and cannot be taken by answer.

OBJECTION TO COMPLAINT ON TRIAL.—When a demurrer to the complaint, on the ground of a misjoinder of parties plaintiff (or other ground which would be waived if not taken in time), has been overruled, the objection cannot be again taken on the trial, but the case must proceed on its merits, so far as such objection is concerned.

OBJECTION TO COMPLAINT ON TRIAL.—On the trial no objection to the complaint is open to inquiry, except the want of jurisdiction, or that it does not state facts sufficient to constitute a cause of action.

APPEAL from the District Court of the Third Judicial District, County of Santa Clara.

The defendants had judgment in an action to recover the value of the use of certain land, and the plaintiffs appealed. The other facts are stated in the opinion.

*Houghton & Reynolds*, for Appellants.

The case was before the Court only for the trial of the issues of fact, and no objection was made in the answer for misjoinder of parties or causes of action. The question of misjoinder of parties plaintiff was not, therefore, before the Court. (Prac. Act, Sec. 45.) The demurrer was not before the Court, and the questions thereby settled were not open to review, unless the order overruling the demurrer had been first vacated, and rehearing thereon ordered. It is not like the case of *Lawrence* v. *Ballou*, 37 Cal. 578, where a demurrer had been sustained on the ground that the facts stated did not constitute a cause of action. That question and the question of jurisdiction come regularly before the Court on the trial, notwithstanding they may have been passed upon before on demurrer. They are never waived, but may be availed of at any time, whether pleaded or not.

*F. E. Spencer*, for Respondents.

The Court having committed an error in overruling the demurrer, which defendants saved to themselves by their exceptions, it was not only the right but the duty of the Court, at any subsequent stage of the proceedings, when convinced of its error, to rectify it. (*Lawrence* v. *Ballou*, 37 Cal. 518.) The objection by plaintiffs at the trial, that the answer did not set up the misjoinder, was in the nature of a demurrer to that pleading, which cut back to the complaint, particularly as the way was paved therefor by interposing the demurrer to the latter. (*People* v. *Booth*, 32 N. Y. 398.) The objection to the complaint appeared upon its face. An attempt, therefore, to take advantage of it by answer, instead of by demurrer, would have been unavailing. (*Mayhew* v. *Robinson*, 10 How. 162; 12 Barb. 9; 2 Duer, 160; 13 How. 270; 9 How. 246.)

By the Court:

The defendants demurred to the complaint for an alleged misjoinder of parties plaintiff; and the demurrer having been overruled, and an order to that effect entered of record, they subsequently filed an answer, denying the allegations of the complaint, and setting up matter in bar of the action. The action afterwards came on to be tried upon the issues joined by the answer, whereupon the defendants objected to the evidence offered by the plaintiff, the ground of the objection being that which had been taken by the demurrer, to wit: the alleged misjoinder of parties plaintiff. This objection taken at the trial was thereupon sustained by the Court, and the action was dismissed on that ground, the plaintiffs declining to amend their complaint.

We are of opinion that the Court below erred in the ruling made at the trial. The answer did not set up a misjoinder of plaintiffs, nor could it have properly done so, because the objection, if it were one, appeared upon the face of the complaint itself. The demurrer upon that ground had been overruled, and at the trial no objection against the complaint was open to inquiry, except the want of jurisdiction, or that the facts stated in the complaint did not constitute a cause of action. The demurrer for alleged misjoinder having been previously overruled, the case stood thereafter in the Court below as though no such demurrer had been interposed, unless, indeed, the Court should first set aside the order overruling it, and permit the demurrer to be again presented for consideration.

It would be productive of much confusion and probable surprise to parties if a demurrer for misjoinder of parties, or the like, once passed upon may be afterwards in effect renewed at the trial by the mere repetition of the same objec-

tions which had been already definitively determined in disposing of the demurrer.

Judgment reversed and cause remanded.