Praigg *et al. v.* The Western Paving and Supply Co.

Filed January 21, 1896.

No. 17,820.

## PRAIGG ET AL. *v.* THE WESTERN PAVING AND SUPPLY COMPANY.

PUBLIC IMPROVEMENT.—*Alley.— Assessment.— Statute Construed.—* A lot abutting upon an alley intersecting a street improved between the latter and the next parallel street is assessable under a statute providing that half the cost of street and alley intersections shall

be apportioned upon the lots abutting upon the intersecting streets or alley to the first street parallel to the street or alley improved, although between it and the street improved the alley is intersected by an alley wide enough to make a street in some cities.

STATUTE.—*Unjust.*—*Constitutional Law.*—A statute is not unconstitutional merely because it is unjust.

From the Marion Superior Court.

*D. T. Praigg,* for appellants.

*Hawkins & Smith,* for appellee.

McCABE, J.—This was an action brought by the appellee, against the appellant David T. Praigg, Agnes Praigg, his wife, and others, to enforce the collection of an assessment against lot 46, abutting on an alley, which crosses Alabama street, between Seventh and Tenth streets in the city of Indianapolis, for its proportion of the cost of improving said Alabama street between Seventh and Tenth streets, said lot being in Allen and Root's north addition to the city of Indianapolis. It appears, from the complaint, that appellee was the contractor and had completed the work pursuant to, and the action was being prosecuted under the provisions of the act entitled "An act concerning the incorporation and government of cities having more than 100,000 population, according to the last preceding United States census," etc., approved March 6, 1891 (Acts 1891), and the act amendatory thereof, of March 22, 1893, Acts 1893, p. 56; that the appellant was the owner of the lot, and that the amount of cost of said improvement apportioned to said lot was $11.59 which had been duly demanded of the appellant, and he had refused to pay the same. The complaint sought to enforce the lien on the lot, given by the statute, for its proportion of the cost of such improvement. It was alleged against the other defendants, under the firm

name of Fulmer, Seibert & Co., that they claim to have and to hold some interest in said real estate adverse to the interest of the plaintiff, and are made parties to answer as to such interest. But it is averred that any interest they may have therein is junior and subordinate and second to the interest, lien, and claim of the plaintiff. The trial court overruled a demurrer to the complaint and sustained a demurrer to appellant's answer in confession and avoidance; and appellant refusing to plead further, the appellee had judgment upon demurrer, upon which rulings error is assigned by the appellant.

This case was first distributed to the appellate court, but finding that appellant in his brief assailed the constitutionality of the statute, it was transferred by that to this court pursuant to the statute regulating the jurisdiction of that court.

The court found in favor of the plaintiff principal and interest of the assessment $12.74 and $25.00 attorney's fees, and that it was a lien upon said lot, and that the other defendants had a lien on the lot, but that such lien was junior and subject to the appellee's lien, and rendered judgment accordingly, foreclosing the lien. There is no controversy except as to the construction of the statute and its constitutionality.

The fifth section of the amendatory act which amends section 74 of the original act provides that "The cost of any street or alley improvement shall be estimated according to the whole length of the street or alley, or so much thereof to be improved, as is uniform in the extent and kind of the proposed improvement per running foot, and the total cost thereof, exclusive of one-half the cost of street and alley intersections, shall be apportioned upon the lands or lots abutting thereon. The remaining one-half cost of street and alley inter-

sections shall be apportioned upon the lands or lots abutting upon the street or alley intersecting the street or alley under improvement, for a distance to the street line of the first street parallel to the street or alley under improvement, in either direction from the street or alley improved. Should a street or alley enter into and not cross the street or alley under improvement, then the assessment for the cost of one-half of said entering street or alley, measured to the center line of the street or alley under improvement, shall be made on the lots or lands abutting on said street or alley, for a distance to the street line of the first street parallel to the street or alley under improvement, and such last named assessment shall be made *pro rata* upon the lots or lands abutting on said street or alley."

It appears both from the complaint and answer that appellant's lot 46 is on an alley intersecting Alabama street, the improved street, and is between said Alabama street and Delaware street, which is parallel with and the next street west of Alabama street. The complaint, however, evidently through a clerical mistake, states that appellant's lot 46 is west of Delaware street. Other parts of the complaint and the defendant's answer make it abundantly plain and clear that the word "west" was written by mistake in the complaint, instead of the word "east." This is such a mistake, or imperfection, as could have been rectified at any time in the trial court, by substituting east for west, and which the statute deems to be so amended in this court. R. S. 1894, section 670 (R. S. 1881, section 658).

But appellant's contention arises out of the fact that there is an alley twenty feet wide running parallel with, and between Alabama, the improved street, and Delaware street, and appellant's lot 46 is west of said alley, the

said alley being between the improved street and appellant's lot.

Appellant's contention is, that the alley being so wide may be regarded as a street, and, if so, his property by the express terms of the statute quoted is not liable to assessment, because by it such liability can extend no farther than to the first street parallel with the improved street. He contends that the word street is a generic term which includes any and all public highways which would include alleys. There might possibly be some room for such contention if the Legislature had only used the word street, but they used the word alley as well as street. And the word alley is defined by Webster's International Dictionary as "a narrow passage or way in the city as distinct from a public street." Besides the act in question and the one it is an amendment to were never intended to and cannot have any operation or effect in any other city than that of Indianapolis where the wide streets, avenues and even the universally wide alleys are the pride of the whole State. *Mode* v. *Beasley*, 143 Ind. 306.

There can be no doubt, therefore, that the Legislature recognized that there were such things as alleys in Indianapolis even if they are wide enough to make pretty good streets in the old plat of the city of St. Louis, yet the Legislature following the habits of the people of the city called them alleys as contradistinguished from streets. The legislative intent is made apparent not to bound the liability of lots to assessment for such improvements by the first alley but by the first street from the improved street each way when the street or alley crosses the improved street as was the case here.

But appellant says such construction of the statute renders it unjust and therefore unconstitutional. He has cited no provision of the constitution which is sup-

posed to be infringed by such a statute or such construction, and we know of none. That a statute is unjust is no ground for assailing its constitutionality. *State, ex rel.,* v. *McClelland,* 138 Ind. 395, and authorities cited. Therefore we do not inquire whether it is just or unjust.

The superior court, therefore, did not err in overruling the demurrer to the complaint nor in sustaining the demurrer to the answer.

Judgment affirmed.

