## Chicago & Eastern Illinois Railroad Company v. Hamilton.

[No. 6,212. Filed November 19, 1908.]

1. PLEADING.—*Demurrers.—Joint or Separate.—Appeal.*—An ambiguous demurrer construed as separate by the trial court, will be so considered on appeal. p. 514.

2. SAME.—*Complaint.—Master and Servant.—Railroads.—Failure to Inspect.*—A complaint alleging that defendant railroad company negligently failed to inspect its caboose on which plaintiff was ordered to work, that a draw-bar chain had been coiled in a pyramidal shape upon the rear platform thereof, that the plaintiff, at night, without notice, and in the discharge of his duties, in going upon such platform, stumbled, to his injury, does not state a cause of action. p. 514.

Chicago, etc., R. Co. *v.* Hamilton—42 Ind. App. 512.

3. MASTER AND SERVANT.—*Safe Place.*—It is the duty of the master to provide for his servants a safe place in which to work and safe appliances with which to work, but for the negligent use of such appliances by the servants the master is not ordinarily liable. p. 516.

4. SAME.—*Assumption of Risk.—Fellow Servants.*—A servant assumes the risk of injuries caused by the negligence of fellow servants. p. 516.

5. PLEADING.—*Complaint.—Master and Servant.—"Duty."*—A complaint alleging that plaintiff, "while in the discharge of his duties," sustained injury through defendant's neglect, is bad, the facts constituting the duty being required. p. 517.

6. SAME.—*Complaint.—Master and Servant.—Railroads.—Loading Appliances.—Fellow Servants.*—A complaint alleging that defendant railroad company ordered its general car inspector and repairer to remove to another point a disabled caboose, that in so doing such inspector negligently caused a draw-bar chain to be placed on the rear platform thereof, that plaintiff in the discharge of his duties, without notice thereof, stumbled over the same and fell, to his injury, is bad, since in doing such work such inspector was a fellow servant of plaintiff. p. 517.

7. SAME.—*Complaint.—Statutory Liability.*—A complaint founded upon a statutory liability must show clearly that plaintiff comes within the provisions of the statute. p. 520.

8. SAME.—*Complaint.—Railroads.—Limiting Hours of Service.—Conclusions.*—A complaint against a railroad company for injuries caused by its compelling the plaintiff, an employe, to work over sixteen hours, in violation of the act of 1903 (Acts 1903, p. 113), limiting the hours of service of employes to sixteen, "unless in case of accident, wreck or other unavoidable cause," alleging that "no necessity for said continuous duty existed on account of any accident, wreck or unavoidable cause," is bad, such allegation being a conclusion. p. 520.

From Newton Circuit Court; *Charles W. Hanley,* Judge.

Action by Alexander Hamilton against the Chicago & Eastern Illinois Railroad Company. From a judgment on a verdict for plaintiff for $1,500, defendant appeals. *Reversed.*

*William Darroch, Homer T. Dick* and *Ulric Z. Wiley,* for appellant.

*Frank Davis, William H. Parkison* and *L. L. Losey,* for appellee.

MYERS, J.—Appellee obtained judgment in the court be-·
low for personal injuries sustained by him by reason of
falling from the rear platform of a caboose attached to a
locomotive and tender. The appellant presents for review
the action of the court in overruling its demurrer to each
paragraph of the amended complaint.

Appellee insists that the demurrer does not challenge
each paragraph of the amended complaint separately, and
therefore if either paragraph is good no error was
committed in overruling it. The appellant by its de-
murrer sought to attack the complaint as a whole, and
each paragraph thereof, for want of sufficient facts in the
complaint and in each paragraph. The demurrer was am-
biguous, but the court, as it appears from the record, over-
ruled it ''as to each paragraph of complaint,'' thereby con-
struing it as a demurrer addressed to each paragraph sep-
arately. The construction adopted by the trial court thus
certainly determined from the record will be recognized by
this court in reviewing that court's action, for by this rule
alone can the trial court's action be rightly considered. It
therefore devolves upon us to seek to ascertain whether the
court erred as to either paragraph of the complaint.

The first paragraph proceeds upon the theory that appel-
lee's injury was caused by the negligent failure of appel-
lant to inspect the caboose before sending it out on
the road. It was alleged ''that, with reasonable dili-
gence and proper inspection of said car, said unsafe
condition would have been discovered.'' The negligence
consisted in allowing and permitting the rear platform of
said caboose to be and remain obstructed by a draw-bar
chain, sixteen feet in length and three inches in diameter,·
piled thereon in the form of a pyramid, and reaching a
height of about fourteen inches; that said chain, placed as
aforesaid, was loose and the links moved readily on each
other. It is shown that attached to the rear platform was
a brake-wheel on a vertical iron rod, and that on either

side of the platform were steps; that said platform and steps were used by appellant's employes in the performance of the work required of them in the management, handling and controlling of the train; that appellee, for two years prior to the time of the accident, August 19, 1904, and on that day, had been and was in the employ of appellant as a brakeman on its freight-trains; it is also alleged that appellee, while in the discharge of his duties as such brakeman, and while the train was in motion and approaching a point on appellant's line of road near the town of Swanington, Indiana, and where appellant's tracks cross a certain other named railroad company's tracks, it became and was the duty of the appellee to go upon the rear platform of the caboose, where said chain was so carelessly permitted to be, and upon the steps of the platform so as to be at or near the brake on said platform, and so as to see the lights and signals of the tower house and signal-station at said crossing; that, in the performance of this duty, at or about the hour of midnight, and as said train was approaching said crossing, appellee did go upon said platform and said usual way of ingress to and egress from said caboose, which was "in a defective and unsafe condition, all of which was unknown to this plaintiff," and while attempting to go upon the steps of said platform in order to see the lights and signals of the tower house, without any fault of his, his foot came suddenly in contact with said chain so carelessly and negligently permitted to be and remain on said platform, and by reason thereof he lost his balance, fell forward and to the side, over the steps of said caboose and onto the ground, etc.

It is not charged in any manner that the caboose itself or any part of it was defective or unsafe, except so far as made unsafe by the presence of the chain which was piled near the brake and near the steps. The allegation concerning the car inspector is not inconsistent with his having acted on the occasion in question merely in the capacity of a fellow-servant with the appellee. It does not appear from this para-

graph when, where or by whom the chain was placed upon the platform. It is not shown that it constituted a part of the car or of the platform or any attachment thereto, or how long it had been upon the platform or for what purpose it was there. Its presence there is not shown to have been caused by the appellant. It does not certainly appear to whom the chain belonged. It may have been loaded upon the car by the crew, but it does not appear that this was done under the direction of the car inspector in charge of the train or with his knowledge. Nothing is shown to have been done or omitted by him in his capacity of car inspector, or by him in any capacity. It certainly is the duty of the master to furnish his employes a safe place in which

3. to work, and safe appliances with which to work, but in the use of such place and appliances by the employes they are performing their own duty and not the duty of the master toward them. It does not appear that the appellant, or any person representing the appellant in the capacity of vice-principal, knew of the presence of the chain upon the platform. There is no direct allegation in this paragraph that before the accident the appellee did not know of the presence of the chain. He does say he did not know of the defective and unsafe condition of the platform, but in this connection he does not refer to the chain. There does not appear to have been an insufficient or defective place to work furnished by the master, but the showing relates to a use which the employes and fellow servants were making of a sufficient place and appliance. A servant must take notice of what is done by his fellow servants,

4. that is, he assumes the risk of danger therefrom. *Chicago, etc., R. Co.* v. *Barnes* (1905), 164 Ind. 143, 151. It is not shown who placed the chain or caused it to be placed upon the platform, nor does it clearly appear that it was not the act of the appellee or any of his fellow servants. *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1904), 163 Ind. 247, 253,

In the case last cited it was said: ''There are instances where the word 'duty' may be used in a pleading, although perhaps not with the utmost propriety, in characterizing the nature of the plaintiff's employment, as where the word is used as descriptive of an ultimate fact as to the character of the work which he was required to do, as that one of the duties which plaintiff was employed to perform was to inspect his locomotive. In such an instance, the allegation is one of ultimate fact, and is partially descriptive of what his contract was. But here it is sought to be shown that appellee was properly in a particular place, and he charges that it was his duty to be there under his contract of employment, thus attempting to characterize the contract without showing what the contract was. If a rule of the company required him to be at that particular point, the existence of the rule should have been pleaded, or if it was necessary for him to be there in order to execute one of the details of this work, that should be alleged, or whatever the fact might be which justified his presence at that point, it should be made to appear by an appropriate averment of fact.'' The paragraph before us does not satisfy this requirement, but on the contrary, contains allegations concerning the appellee's duty, which, under the decision cited, must be regarded as statements of conclusions of law instead of matters of fact. See, also, *Southern Ind. R. Co.* v. *Fine* (1904), 163 Ind. 617, where it is said ''a bare allegation of a legal duty amounts to nothing. Facts must be alleged which disclose the existence of the duty.'' *Chicago, etc., R. Co.* v. *Barker* (1908), 169 Ind. 670.

In the second paragraph it is alleged that the train with the caboose, described as in the first paragraph, left Momence, Illinois, to bring to that place from Oxford, Indiana, a disabled locomotive engine belonging to appellant; that the caboose was provided with a tool-chest suitable for the proper storing of all tools used in removing said engine, which chest was placed

along the inside and attached to the walls of the caboose in such manner as not in any way to obstruct the ways of ingress to and egress from the caboose by the employes of the appellant; that appellant had in its employ divers persons to the appellee unknown, who were under the control and direction of Allen Hupp, the general car inspector and car repairer of appellant, and who were bound to obey his instructions; that he was delegated with authority to direct the loading of the caboose with proper tools and appliances necessary to repair and bring from Oxford to appellant's shops the disabled engine; that while at Momence, as he was loading said tools and appliances, and so delegated with authority in that behalf, it became necessary to place in the caboose, for the purpose of bringing in said engine, a certain draw-bar chain sixteen feet long and three inches in diameter; that while so loading said tools and appliances said Hupp carelessly and negligently directed and instructed one of said divers persons in the employ of appellant, "whose name is to this plaintiff unknown," to load said draw-bar chain on the platform of the caboose at or near the brake-wheel and near the steps, the usual way of ingress to and egress from the caboose, and to place and pile the chain in a pyramidal form fourteen inches in height, and carelessly and negligently directed and instructed said employe to permit the chain to remain on the platform in that place and in that condition continuously during the trip from Momence to Oxford, and carelessly and negligently omitted to instruct said employe to remove the chain from the platform into the caboose, and carelessly omitted to place the chain in the tool-chest of the caboose, which was the proper and accustomed place for said chain, but, on the contrary, carelessly and negligently directed and instructed said employe to leave the chain on the platform during the trip. Otherwise this paragraph is practically like the first.

In what is attributed in this paragraph to the car in-

spector, he is not shown negligently to have inspected or repaired a car, or negligently to have failed to inspect or repair any car properly. What is represented as having been done by him was the failure to cause to be loaded an appliance in the place provided by the appellant for the carrying of the same, also in causing the loading and carrying of the chain improperly. The most that can be said of his alleged acts is that he was directing the loading of the appliances carried upon the train; and he cannot be regarded otherwise than as a fellow servant of the members of the train crew of which the appellee was one. The loading of the chain was a detail of employment, not the doing of something required of the appellant with reference to its employes, and was a misuse of the instrumentalities supplied by the appellant. *Chicago, etc., R. Co.* v. *Barker, supra; Indianapolis, etc., R. Co.* v. *Johnson* (1885), 102 Ind. 352. As said in *Bier* v. *Jeffersonville, etc., R. Co.* (1892), 132 Ind. 78, 79: "It clearly appears from the complaint that they were engaged together, at the same place, in a work that required coöperation, and such association as would bring them in frequent contact with each other."

The third paragraph proceeded upon the theory that the appellee, a brakeman, was required by a certain yardmaster of the appellant, and against the will and over the objection of appellee, to act as brakeman on a train, consisting of a locomotive, tender and caboose, which left Momence to go to Oxford, Indiana, requiring a period of sixteen hours to make the trip, when the appellee had been without a full period of rest and relief from duty for more than sixteen consecutive hours. It was sought to base this paragraph upon the legislative enactment approved February 28, 1903 (Acts 1903, p. 113, §5185g *et seq.* Burns 1905). This enactment limited the hours of service of railway employes, gave a right of action, and fixed penalties for its violation. It does not apply "in cases of accident, wreck or other unavoidable cause." The rule is that where an ac-

520 APPELLATE COURT OF INDIANA,

Indianapolis, etc., Transit Co. *v.* Reeder—42 Ind. App. 520.

tion is founded upon a statute of this character the pleader must show facts sufficient to take the case without the exception, or the complaint will be bad on demurrer. In this paragraph it was alleged "that no necessity for said continuous duty existed on account of any accident, wreck or unavoidable cause." This allegation is not equivalent to an allegation that the continuous service was not "in case of accident, wreck or other unavoidable cause." Though the statute is in derogation of the common law and penal, a paper case may be stated by setting forth facts from which it may be seen that the case is not one within the exception; but that was not done in the pleading before us. The purpose for which the trip was made, and the service required, is not more particularly stated than before set forth. It was shown merely that the appellee was ordered and directed to act as brakeman on a train consisting of a locomotive, tender and caboose, which left a specified place at an hour stated to go to another place specified, the distance being indicated by the time which would be required to make the trip. The burden was on appellee to allege and prove a case within the statute. *Laporte Carriage Co.* v. *Sullender* (1905), 165 Ind. 290; *Zeller, McClellan & Co.* v. *Vinardi* (1908), *ante,* 232.

The judgment is reversed, and the cause remanded, with instructions to sustain appellant's demurrer to each paragraph of the complaint, with leave to amend.