## JAMES O'BRIEN et al., Respondents, v. BURROUGHS ADDING MACHINE COMPANY, Appellant.

### St. Louis Court of Appeals, June 8, 1915.

1. **MUNICIPAL CORPORATIONS: Injury to Pedestrian: Defect in Street: Liability of Property Owner.** It is generally true that, in the absence of legislative enactment, an abutting landowner is not liable to travellers for injuries received by them, through a defect in the street adjoining his premises, unless such defect was caused by his act or fault; but this rule does not apply, where the defect was an excavation extending across the lot into an alley, so as to be a nuisance.

2. **———: ———: Nuisance Adjacent to Alley: Liability of Property Owner.** The owner of a lot, next to one on which a quarry was located, who permitted a chute, caused by the caving of the earth into the quarry, and which extended from the quarry across a corner of his lot and into a public alley, to remain unguarded, after notice of its existence, was liable, jointly with the owner of the quarry, for the death of a traveller in the alley, who fell into the quarry through the chute, since such a dangerous place was a nuisance, and the owner was liable for permitting it to continue, although he did not create it.

3. **NUISANCES: Liability for Maintenance.** Where one creates a nuisance on his premises, and passes it by deed or demise to another, who continues it there with knowledge, the person so continuing it is liable for resulting injuries, notwithstanding he did not create it.

4. **———: ———.** Although the owner of property did not actually create a nuisance thereon, nevertheless if he continues to suffer it to exist on his premises, after notice, so that one rightfully about it as an invitee is injured because of it, he is liable for damages therefor.

5. **MUNICIPAL CORPORATIONS: Alleys: Rights of Pedestrians.** A public alley is a highway for all travel, and not merely for

the benefit of the adjoining lotowners, and a traveller injured thereon is an invitee, not a trespasser.

6. **DAMAGES: Instructions: Indefiniteness.** An instruction on the measure of damages, in an action for personal injuries, is not to be condemned on the ground that it is not specific, where it is correct in its general scope; especially where instructions given for defendant supply everything that is necessary and accurately declare the law on that subject.

Appeal from St. Louis City Circuit Court.—*Hon. Thomas C. Hennings,* Judge.

AFFIRMED.

*Buder & Buder* for appellant.

(1) The alley in question was not a public highway. It was closed on both ends and only accessible by crossing private property. The deceased was in consequence a trespasser and he must take the premises as he finds them. The excavation, if any, on the property of this appellant was therefore not on or abutting a public highway, and this appellant owed the deceased no duty to protect him against such excavation. Hunter v. Weston, 111 Mo. 176; Overholt v. Vieths, 90 Mo. 422; 1 Thompson on Negligence, page 303; Gillespie v. McGowan, 100 Pa. St. 144; Murphy v. City of Brooklyn, 119 N. Y. 575; Clark v. City of Richmond, 83 Va. 355; Straub v. Soderer, 53 Mo. 42; Kiley v. Kansas City, 87 Mo. 103; Butler v. Railroad, 155 Mo. App. 296. (2) Alleys are not public highways for the common use of the traveling public. They are for the special use and particular benefit of the property in the block which abuts the alley and are intended to afford rear access to said property. Alleys are only intended for the use of the abutting property owners and those having business with them. Elliott on Roads and Streets (3 Ed.), sec. 29; Corby v. Railroad, 150 Mo. 468; Naylor v. Harrisonville, 207 Mo.

351; Dries v. St. Joseph, 98 Mo. App. 614; Faust v. Pope, 132 Mo. App. 294; Beecher v. People, 38 Mich. 289; Horton v. Williams, 99 Mich. 423; Paul v. Detroit, 32 Mich. 108; Bailey v. People, 43 Mich. 355; Face v. City of Ionia, 90 Mich. 104; Milliken v. Deavy, 135 N. C. 19. (3) It is the duty of the city to keep its sidewalks, alleys and streets in reasonably safe condition. But an abutting owner, as such, owes no such duty to the public to so maintain the sidewalks, streets and alleys abutting his premises, and he is not responsible for any defects therein which are not caused by his own wrongful act. Baustian v. Young et al. 152 Mo. 325; Norton v. St. Louis, 97 Mo. 537; St. Louis v. Insurance Company, 107 Mo. 92; Blackwell v. Hill, 76 Mo. App. 46; Independence v. Railroad, 86 Mo. App. 591; Elliott on Roads and Streets (3 Ed.), sec. 898; 28 Cyc. 1435. (4) An abutting owner is not liable for merely allowing a nuisance to exist on a public highway abutting his premises, provided he was not instrumental in creating it. This duty devolves entirely on the city, and it cannot evade, suspend or cast this duty upon others. Blackwell v. Hill, 76 Mo. App. 46; Norton v. St. Louis, 97 Mo. 537; St. Louis v. Insurance Company, 107 Mo. 92; Jelly v. Pieper, 44 Mo. App. 383; Kiley v. Kansas City, 87 Mo. 103; Russell v. Town of Columbia, 74 Mo. 480; Welsh v. St. Louis, 73 Mo. 71. (5) The verdict for $4,100 is excessive, and cannot be sustained under any view of the evidence. Overholt v. Vieths, 93 Mo. 425; Calcaterra v. Iovaldi, 123 Mo. App. 347; Leahy v. Davis, 121 Mo. 221; Hickman v. Railroad, 22 Mo. App. 344; Franke v. St. Louis, 110 Mo. 516. (6) Instruction number 3, given for plaintiffs, is entirely too general in its terms and does not set out the proper measure of damages applicable to the case at bar. Parsons v. Railroad, 94 Mo. 296. (7) When the conduct or remarks of other counsel are prejudicial to the losing party, judgment will be reversed. An offer to have the jury view premises

was improper in this case. Massengale v. Rice, 94 Mo. App. 430; Haynes v. Trenton, 108 Mo. 123; Brown v. Railroad, 66 Mo. 58; Ritter v. Bank, 87 Mo. 574; Rice-Stix & Co. v. Sally, 176 Mo. 107; Koch v. Hebel, 32 Mo. App. 103; McDonald v. Cash, 45 Mo. App. 66; Beck v. Railroad, 129 Mo. App. 24; Barnes v. St. Joseph, 139 Mo. App. 545; Thompson on Trials (2 Ed.), secs. 881, 882.

*Holland, Rutledge & Lashly* for respondents.

See respondent's brief in O'Brien v. Heman, *ante.*

NORTONI, J.—For a full understanding of the facts pertaining to the questions in decision in this appeal of the Burroughs Adding Machine Company, reference is made to the statement accompanying the appeal of the Hemans, defendants, in the same case—that is, James O'Brien, et al., v. August Heman et al., 191 Mo. App. 477, 177 S. W. 805 (decided today).

It is argued, first, that, as the defendant Burroughs Adding Machine Company did not create the nuisance—that is, the quarry—and is in no wise connected therewith but occupies the position merely of an adjoining proprietor, it is not liable to respond for the death of plaintiff's son. It is true this defendant is in no wise connected with the quarry in which plaintiffs' son came to his death. It is true, too, it did not create such nuisance. Neither did this defendant create the slide, or runway, into which plaintiffs' son stepped while walking in the alley and by means of which he was carried forward across the northwest corner of defendant's lot into the Heman quarry. Touching this it appears that the runway commenced in the public alley, probably seven or eight feet east of the northwest corner of the Heman property, on which the quarry was located, and probably eight or nine feet north of the lot line of this defendant. But the

runway or slide commencing at such point passed over the northwest corner of the lot owned by this defendant and into the quarry, for a portion of defendant's lot and also the alley had caved in. Adjoining proprietors north of the alley had thrown grass from their lawns into the mouth of the runway in the alley and thus concealed it. The little boy, passing the way immediately along the south side of the traveled road, stepped upon this new mown grass and disappeared at once, for he slid with the green grass, which gave way under his weight, instantly down the runway slide, from the point in the alley described, across the corner of defendant's lot, into the quarry of the Hemans.

The rule declared in Baustian v. Young, 152 Mo. 317, 53 S. W. 921, to the effect that an abutting owner is under no primary duty to the public to mend an adjoining street is invoked and relied upon in support of the argument advanced, but we do not regard it relevant on the facts in judgment here. It is generally true, in the absence of legislative enactment on the subject, that an abutting land-owner is not liable to travelers for injuries received by them because of a defect in the street adjoining his premises, unless such defect was caused by the act or fault of such owner, as stated in 2 Elliott, Roads and Streets (3 Ed.), section 898. But this is true because the street is in the custody and keep of the municipality, and the abutting owner is not liable for its dereliction unless he contributed by affirmative act, in which event he is, of course, a joint *tortfeasor*. But the instant case presents something more than a mere defect in the street, for such defect was but the opening of a runway across the corner of the lot of defendant into the quarry, beside the highway. Obviously this runway, commencing in the alley and running across the northwest corner of defendant's lot for the distance probably of fifteen feet, was quite as dangerous as the

quarry itself and, therefore, constituted a nuisance on defendant's lot, adjacent and extending into the highway. This dangerous place defendant should have protected against by fence or wall or otherwise at its boundary line, or other convenient point, so as to prevent persons using the alley from being precipitated through it into the quarry.

This runway, or slide, appears to have been caused by the action of the elements, aided, no doubt, by the continued dumping of ashes there for years on the part of the neighbors, and it is true this defendant did not participate in creating it, though it suffered it to exist, and this, too, after notice. The evidence of the police officer is, that he notified this defendant of the dangerous condition of the slide and suggested that precautionary measures be taken to protect against similar occurrences to that involved here, as much as a year before, when defendant's manager said he would look after it, or words to that effect.

No one can doubt that a dangerous place, such as this, if excavated by the abutting owner adjacent to the highway, so as to communicate from a point within the highway, would constitute a nuisance. The question then is: May it be regarded as a nuisance, in the circumstances of the case, so as to cast liability against defendant, it appearing defendant did not create it, though it knew it was there for more than a year before and neglected to make any provision for the protection of those using the public alley?

It is certain that if one creates a nuisance on his premises and passes it by deed or demise to another, who continues it there, with knowledge, the person continuing it, though he did not create it, is liable therefor. [See Tate v. Missouri, K. & T. Ry. Co., 64 Mo. 149, 155; McGowan v. Mo. Pac. R. Co., 23 Mo. App. 203; Mancuso v. Kansas City, 74 Mo. App. 138; Hulett v. Missouri, K. & T. R. Co., 80 Mo. App. 87; Joyce on Nuisances, section 457.] And the rule is, that one may

be required to respond on account of a nuisance, though not erected by him, if it be upon his land, placed there by his predecessor in title, where it appears the owner had notice or knowledge of the existence of the nuisance. [See Pinney v. Berry, 61 Mo. 359.] Therefore, though it be that the owner of the property did not actually create the nuisance thereon, if he continues to suffer it to exist on his premises after notice, so that one rightfully about it, as an invitee on the premises, is injured because of it, such owner is liable in damages therefor. [See Timlin v. Standard Oil Co., 126 N. Y. 514.] The principle, of course, is available and especially pertinent to one passing in the highway, who is injured because of a misstep, by being precipitated into a dangerous place so suffered, after due notice, to exist on the lot of an abutting proprietor.

But it is argued that an alley is not to be regarded as a public street, for such is designed to accommodate only the property holders in the block. The case of Corby v. Chicago, R. I. etc. Ry. Co., 150 Mo. 457, 52 S. W. 282, is relied upon. In this case, the court employed language reflecting this thought, in determining an injunction suit by a property holder in the block, against the company, in which it was sought to restrain the construction of railroad tracks through the alley adjacent to his property. But obviously the doctrine of that case is not relevant here, when it is sought to be utilized to deny the right of a pedestrian to use a public alley as a public way, and render him a trespasser, in whose favor no duty to protect against the adjoining quarry obtained. In a case of this character, the public alley must be regarded as a highway and the person passing thereon as an invitee, rather than trespasser.

It is argued plaintiffs' instruction on the measure of damages is erroneous because not sufficiently specific. However, the instruction was sufficient, in its

general scope, as has been frequently decided. [See Browning v. Wabash, etc. Ry., 124 Mo. 55, 27 S. W. 644; State ex rel. United Rys. Co. v. Reynolds, 257 Mo. 19, 165 S. W. 729; Nelson v. United Rys. Co., 176 Mo. App. 423, 158 S. W. 446.]

Moreover, in this case defendant's instruction on the measure of damages supplied everything that was necessary and accurately declared the law on the subject.

The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.