JOHNSON, Administratrix, Appellant, *v.* HERRING et al., Respondents.

(No. 6,717.)

(Submitted December 16, 1930.  Decided January 30, 1931.)

[295 Pac. 1100.]

158

*Mr. C. F. Holt, Mr. Lester H. Loble* and *Mr. Hugh R. Adair,* for Appellant, submitted an original and a reply brief; *Mr. Adair* argued the cause orally.

*Messrs. Clift & Glover,* for Respondents, submitted a brief; *Mr. R. H. Glover* argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

Appeal from a judgment of dismissal in an action for damages for the death of a minor child, alleged to have been run into and over by a truck driven by defendant Herring and owned by defendant company.

On July 27, 1929, Amelia Johnson, as administratrix of the estate of Frank Johnson, deceased, filed her verified complaint setting forth, in the usual manner, her appointment and right to commence the action, the corporate existence of the Great Falls Ice & Fuel Company, and its use, in its business, of a certain truck driven and operated by defendant Herring as its employee. It is then alleged that certain parallel streets in the city of Great Falls are public thoroughfares, and that an alley, also a public thoroughfare, extends from the one street to the other, which alley was at all times mentioned "used and frequented by children for the purpose of playing and walking thereon, which fact, during all of the times mentioned herein, the defendants and particularly the defendant Ed. Herring then and there well knew."

Paragraph XIV of the complaint alleges that on the 11th day of July, 1928, "in clear daylight * * * Frank Johnson was lawfully upon said * * * alley * * * in plain view of defendants' said automobile truck and in the plain and unobstructed view of the operator of said automobile truck and where the said Frank Johnson could be plainly seen by the operator * * * at said time and place, and while the said Frank Johnson was so using said alley and thoroughfare, the said defendants ran, drove and operated their said automobile truck in an easterly direction along and upon said alley in such negligent, careless and unlawful manner that the said automobile truck ran into and collided with the said Frank Johnson, who was thereby knocked down and dragged along said public alley" and so seriously injured that, having survived for approximately sixty minutes, he died from the grievous bodily injuries inflicted upon him.

Paragraph XVI of the complaint alleges: "That it became and was the duty of the defendants in operating and using their said automobile truck in, along and upon said public alley aforesaid:

"(a) To keep and maintain a careful lookout for children walking, playing, occupying, and using said alley and particularly for said Frank Johnson;

"(b) To observe the presence of children in or upon said public alley, and particularly to observe the presence of said Frank Johnson; * * *

"(c) To halt, slow down or reduce the speed of said * * * truck so that the same would not run into * * * the said Frank Johnson;

"(d) To operate said * * * truck in a careful manner and with due regard for the safety * * * of persons using or upon said alley and particularly of the said Frank Johnson;

"(e) To give warning of the approach of said * * * truck, by * * * bell * * * horn * * * or other signal * * * in such manner as to warn persons * * *

upon said alley and particularly to warn the said Frank Johnson, of the approach of said * * * truck;

"(f) To so operate and drive said * * * truck * * * that same was under complete control. * * *

"That each and all of said duties above set forth, the said defendants * * * negligently and carelessly failed and omitted to do and perform at the time and place aforesaid and thereby proximately caused and occasioned the said injuries to and the death of the said Frank Johnson."

It is thereafter alleged that Frank Johnson was a strong ablebodied boy of under seven years of age, with a long and active life before him, that he was damaged in the sum of $25,000, for which a cause of action existed during the time he survived and that this cause of action survives to the administratrix of his estate.

Defendants moved the court to strike from paragraph XVI above subdivisions (a), (b), (c) and (f) as "irrelevant," which motion was granted, whereupon defendants answered, admitting all of the allegations of the complaint, except that they denied that the injuries or death of Frank Johnson "were due or caused by any negligence of these defendants or either of them." This answer was filed August 24, 1929.

Thereafter plaintiff moved the court for leave to amend her complaint by striking therefrom subdivision (e) of paragraph XVI. The motion was granted, and the complaint amended; whereupon defendants attacked the complaint by a general and special demurrer, on the grounds: (1) That it does not state facts sufficient to constitute a cause of action; (2) that the complaint is uncertain, in that it cannot be ascertained from the allegations that defendants operated the truck "in such a negligent, careless and unlawful manner" that it ran into Frank Johnson; "of what acts or neglect of what duty" it is claimed that the defendants were guilty, or in what respect it is claimed the truck was unlawfully operated; and (3) that, while it is alleged that defendants failed to operate the truck in a careful manner and with due regard for the safety of per-

sons using the alley, it cannot be ascertained therefrom, with any degree of certainty, wherein defendants are alleged to have failed to so operate the truck. This demurrer was overruled, and on October 5, 1929, defendants moved the court to require plaintiff to make her complaint more definite and certain in the particulars pointed out in the second and third grounds of demurrer, which motion was granted on October 28, 1929, and plaintiff given twenty days in which to amend.

Plaintiff filed notice of election to stand on her complaint. Defendants then moved the court to reinstate, and for leave to re-argue, their demurrer to the complaint, which motion was granted, and, on re-argument, the court vacated the order overruling the demurrer theretofore made, overruled the demurrer as to the first ground, but sustained it as to the second and third grounds. This entry was made January 8, 1930, and again plaintiff elected to stand upon her complaint. The judgment of dismissal followed; hence this appeal.

Plaintiff specifies error as committed in making each of the orders mentioned herein; these specifications raise only the questions hereinafter discussed.

1. It is first insisted that the court erred in striking the alleged acts of negligence from the complaint as irrelevant.

The test as to whether facts pleaded are relevant is as to whether or not evidence of those facts would be admissible on the trial of the case. (*Hall* v. *United States Casualty Co.*, 125 Misc. Rep. 517, 211 N. Y. Supp. 741; *Crump* v. *Lanham*, 67 Okl. 33, 168 Pac. 43; *Metcalf Co.* v. *Gilbert*, 19 Wyo. 331, 116 Pac. 1017; *Germofert Mfg. Co.* v. *Castles*, 97 S. C. 389, 81 S. E. 665.)

Each of the allegations stricken contains a declaration of a legal duty on the part of the defendants to protect the boy injured from that injury, and was a proper subject for the introduction of evidence on the trial, and therefore successfully meets the test suggested; but it will be noted that the test is to be applied to "facts pleaded."

This court has declared the rule to be that, "in a personal injury action charging negligence, the complaint must allege that the defendant owed a legal duty to plaintiff; that he failed to perform it; that damages resulted; and that his breach of duty was a proximate cause of the injury" (*Bennetts* v. *Silver Bow Amusement Co.*, 65 Mont. 340, 211 Pac. 336; *Dickason* v. *Dickason*, 84 Mont. 52, 274 Pac. 145, 147); but the court did not intend to indicate, by such declaration that a following of the wording thereof would constitute a sufficient pleading. The correct rule as to pleading in such a case is stated in *Ellinghouse* v. *Ajax Livestock Co.*, 51 Mont. 275, L. R. A. 1916D, 836, 152 Pac. 481, as follows: "When a plaintiff seeks recovery for actionable negligence, his complaint must allege facts showing these three elements: (1) That the defendent was under a legal duty to protect him from the injury of which he complains; (2) that the defendant failed to perform this duty; and (3) that the injury was proximately caused by defendant's delinquency."

It is the duty of the court, not the pleader, to determine the law, and therefore, if the complaint alleges facts from which the court can declare the duty, it is sufficient in this regard; otherwise not.

In *Chicago etc. Ry. Co.* v. *Hamilton*, 42 Ind. App. 512, 85 N. E. 1044, 1047, the proposition is tersely put as follows: "A bare allegation of a legal duty amounts to nothing." As stated by Mr. Thompson in his Commentaries on the Law of Negligence (vol. 6, p. 500, sec. 7458): "The allegation of duty is superfluous where the facts stated show a legal liability, and it is useless where they do not."

Here the allegations stricken by the court and that later withdrawn by the plaintiff, were merely statements of the conclusions of the pleader, containing no fact elements. Similar and identical allegations have been condemned whenever they have been properly brought to the attention of the courts. We note but a few of the decisions so holding: *Colen* v. *Gladding, McBean & Co.*, 166 Cal. 354, 136 Pac. 289; *Dufur* v. *Lewis*

*River Boom & L. Co.,* 89 Wash. 279, 154 Pac. 463; *Herndon* v. *Salt Lake City,* 34 Utah, 65, 131 Am. St. Rep. 827, 95 Pac. 646; *Marcovitz* v. *Hergenrether,* 302 Ill. 162, 134 N. E. 85; *Holstine* v. *Director General of Railroads,* 77 Ind. App. 582, 134 N. E. 303; *Higdon* v. *Fields,* 3 Ala. App. 322, 57 South. 58, 59; *Birmingham Ry. etc. Co.* v. *Anderson,* 3 Ala. App. 424, 57 South. 103; *Bartholomew* v. *Grimes,* 51 Ind. App. 614, 100 N. E. 12.

It is true that the objectionable conclusions were followed, in paragraph XVI above, by a statement that defendants negligently and carelessly failed and omitted to perform each of the duties enumerated and thereby proximately caused the injuries to and death of Frank Johnson, but this coupling of legal conclusions as to the duty of the defendants with further conclusions of the pleader, does not aid the complaint in this regard, and may well be disregarded as surplusage. Had the pleader desired to allege "specific acts of negligence," as counsel for plaintiff term these allegations, they should have followed some such form as that given in Schwartz on Trial of Automobile Accident Cases, page 553.

No error was committed in granting the motion to strike.

2. Subdivision (e) of paragraph XVI stood in the same category as the subdivisions stricken; we can only conjecture as to defendants' reason for not including it in its motion to strike; but, as this was not done, on the theory of plaintiff that the paragraph alleged specific acts of negligence, plaintiff was justified in amending the complaint by striking this subdivision also, in order to avoid the rule laid down in *Flaherty* v. *Butte Electric Ry. Co.,* 40 Mont. 454, 135 Am. St. Rep. 630, 107 Pac. 416, that, where general allegations of negligence are followed by a statement of specific acts of negligence, the plaintiff will be confined in his proof to the acts specifically pleaded. However, as the subdivision contained but a conclusion of the pleader, it amounted "to nothing" (*Chicago etc. Ry. Co.* v. *Hamilton,* above), and the amendment made did not change the purpose or effect of the complaint thus amended.

Having secured the striking of the conclusions attacked, defendants deemed the complaint sufficient and joined issue by answer, but, on the striking out of subdivision (e), by amendment, they demurred to the complaint. As each of the allegations of the conclusions of the pleader amounted "to nothing," the amendment did not change the complaint, and, as amended, the complaint did not supersede the original complaint in any particular. (*A. M. Holter Hardware Co.* v. *Ontario Min. Co.,* 24 Mont. 184, 61 Pac. 3; *Mulcahy* v. *Duggan,* 67 Mont. 9, 214 Pac. 1106.) It is a truism that "nothing from nothing leaves nothing," and the striking of certain of such allegations took nothing from the complaint and left "nothing" there, in so far as those allegations are concerned, although subdivision (e) was not stricken. Clearly, taking "nothing" from the complaint cannot warrant further attacks upon it after the defendants have joined issue by answer.

Section 9134, Revised Codes 1921, provides that, "If the complaint is amended, a copy of the amendments must be filed, or the court may, in its discretion, require the complaint as amended to be filed, * * * the defendant must answer the amendment or complaint as amended," dependent upon whether it is the amendment or an amended complaint that is filed. Here the court did not require the filing of an amended complaint, and the amendment consisted in merely striking from the complaint a statement which did not affect it in any manner and might be disregarded as surplusage (*Kelley* v. *John R. Daily Co.,* 56 Mont. 63, 181 Pac. 326), and which, had it remained in the complaint, the defendants were not required to answer. (*Jones* v. *City of Petaluma,* 36 Cal. 230.) To "answer," of course, includes the right to demur, if defendant deems the complaint as amended, or the amendment, insufficient. (See *Fletcher* v. *Maginnis,* 136 Cal. 362, 68 Pac. 1015.)

Wherein, then, did the change in the complaint warrant the filing of a demurrer thereto? All that a demurrer could reach was an amendment striking from the complaint an allegation which amounted "to nothing." The complaint remained as

though no amendment thereto had been made, and the answer filed thereto stood as to the complaint as filed. (*Stanton* v. *Kenrick,* 135 Ind. 382, 35 N. E. 19.)

It is elementary that defendants' right to demur was waived by answer (*Ohlin* v. *Kowner,* 96 Conn. 394, 114 Atl. 117), and, by failing to demur on those grounds, the objections that the complaint was bad for ambiguity and uncertainty were forever waived. (Sec. 9136, Rev. Codes 1921; *Doane* v. *Marquisee,* 63 Mont. 166, 206 Pac. 426, 427; *McQuay* v. *McQuay,* 81 Mont. 311, 263 Pac. 683; *Dickason* v. *Dickason,* above.)

Therefore, while there may be no objection to the act of a trial court in vacating an order, before trial, overruling a demurrer and thereupon sustaining it (*Tennant* v. *Pfister,* 45 Cal. 270; *De La Beckwith* v. *Superior Court,* 146 Cal. 496, 80 Pac. 717), it is manifest that the court's first ruling on the demurrer was correct, as it had no place in the files; plaintiff should have moved to strike it therefrom. It follows that the court erred in each of its rulings made subsequent to that overruling the demurrer to the complaint.

3. The remaining question for determination is as to whether or not the judgment of dismissal may be sustained on the ground that the complaint does not state a cause of action. The rule as to pleading such a cause of action has been heretofore stated.

The complaint alleges that the injury was inflicted in "clear daylight" on a public thoroughfare, an "alley" which was used and frequented by children, which fact was well known to the defendants and particularly to the driver of the truck, and while the boy was lawfully in the alley.

All that is necessary in pleading under our Code is that the facts be alleged "in ordinary and concise language." (Sec. 9129, Rev. Codes 1921; *Griffin* v. *Chicago, Mil. & St. Paul Ry. Co.,* 67 Mont. 386, 216 Pac. 765.)

Complaint is made that the "alley" is not particularly described as to width and the like, it being stated that it might have been a hundred feet wide and the boy clear out of

the path of the truck; but, even if timely objection had been made to the complaint on the ground of uncertainty, these objections are not tenable. The term "alley" describes the thoroughfare. An alley is a "narrow" passageway (*Kalteyer* v. *Sullivan*, 18 Tex. Civ. App. 488, 46 S. W. 288; *Praigg* v. *Western Paving & Supply Co.*, 143 Ind. 358, 42 N. E. 750; *Winston* v. *Johnson*, 42 Minn. 398, 45 N. W. 958; *Atchison, T. & S. F. Ry. Co.* v. *Chanute*, 95 Kan. 161, 147 Pac. 836), and, when such a way is made a public thoroughfare, it is designed for common use (*Bailey* v. *Culver*, 12 Mo. App. 175) for all, and one traveling thereon does so of right and not as a trespasser (*O'Brien* v. *Burroughs Adding Machine Co.*, 191 Mo. App. 501, 177 S. W. 811, 812; *State* v. *City of Montevideo*, 142 Minn. 157, 171 N. W. 314). The "man in the street" knows that an alley is not provided with sidewalks for pedestrians and a well-defined course for vehicles, but that all using such a thoroughfare must travel pretty much the same course.

On all public thoroughfares in this state a pedestrian and an automobilist have equal rights in the use of the highway, in the exercise of which rights the former must use ordinary care for his safety, and the latter must drive in a careful and prudent manner, with due regard to the conditions existing, so as not to endanger the life or limbs of others using the highway. (*Green* v. *Bohm*, 65 Mont. 399, 211 Pac. 320; *Carey* v. *Guest*, 78 Mont. 415, 258 Pac. 236; *McKeon* v. *Kilduff*, 85 Mont. 562, 281 Pac. 345.)

The allegation that the boy struck was less than seven years of age negatives the idea that he was guilty of contributory negligence. (*Burns* v. *Eminger*, 84 Mont. 397, 276 Pac. 437.)

While the complaint does not allege that the driver of the truck saw the boy, or in the exercise of ordinary care could and should have seen him in time to have avoided the accident, it does allege that the boy was "lawfully proceeding along said alley * * * in the plain and unobstructed view of the operator of said automobile truck and where the said

Frank Johnson could be plainly seen by the operator." Under the rule that "whatever is necessarily implied in or is reasonably to be inferred from an allegation is to be taken as directly averred" (*Willoburn Ranch Co.* v. *Yegen*, 49 Mont. 101, 140 Pac. 231, 233; *Marcellus* v. *Wright*, 51 Mont. 559, 154 Pac. 714), the above allegation is sufficient.

A duty is imposed upon operators of motor vehicles to keep a lookout for pedestrians, and, while the operator is required only to exercise reasonable care, the caution to be exercised depends upon surrounding circumstances, and must correspond to the capacity to injure (*Weidner* v. *Otter*, 171 Ky. 167, 188 S. W. 335), and the duty to keep a lookout implies the duty to see what is in plain view, and the driver of an automobile is bound to operate his conveyance with reference, not only to the pedestrians and conditions he actually sees, but also as to those he should see in the exercise of reasonable care (Huddy on Automobiles, 8th ed., 448, and cases cited; *Morse* v. *Douglas*, 107 Cal. App. 198, 290 Pac. 465.)

The allegations of the complaint show such a relation between the parties as to impose upon the defendants a legal duty to use care toward the plaintiff's deceased child, and are sufficient in so far as it is required to show a duty. (*Tippecanoe L. & T. Co.* v. *Cleveland R. Co.*, 57 Ind. App. 644, 104 N. E. 866, 106 N. E. 739, 740.) As to the allegations of negligence in the last-cited case, it is said: "It has been uniformly held that an allegation that an act was negligently done or negligently omitted is a sufficient charge that the defendant failed to exercise ordinary care."

In *Pullen* v. *City of Butte*, 38 Mont. 194, 21 L. R. A. (n. s.) 42, 99 Pac. 290, 291, it is said that this mode of statement has never been sanctioned in this state, "is at variance with the plain requirements of the Code, and would give the defendant no notice of the acts claimed to be negligent, so that he might come prepared to meet them"; further, that "very plainly the pleader should set out the acts or omissions of the defendant upon which he bases his right to recover, and should show that

they occurred through or by the negligence of the defendant." And in *Surman* v. *Cruse,* 57 Mont. 253, 187 Pac. 890, 894, this court declared that "whether there is a sufficient charge of negligence must be determined from the facts alleged, not from the use of the descriptive terms 'negligently and carelessly.'"

In *Higdon* v. *Fields,* above, it is said that, the duty being shown by appropriate allegations of fact, the "modern practice" recognizes that a breach of the duty so shown "may sufficiently be averred by the use of general and informal allegations of negligence, constituting the default [of the defendant] complained of, amounting to little, if any, more than statements of the pleader's conclusions on the subject."

In recent years this court has declined to follow the ancient rules of pleading in criminal matters requiring the pleading of facts with such particularity as often to amount to an absurdity (*State* v. *Gondeiro,* 82 Mont. 530, 268 Pac. 507), and in *Robinson* v. *F. W. Woolworth Co.,* 80 Mont. 431, 261 Pac. 253, 256, after subscribing to the rule announced in *Surman* v. *Cruse,* above, and distinguishing the case from that of *Pullen* v. *City of Butte,* by stating that the complaint before the court "alleges facts," this court declared: "Negligence may be charged in general terms; that is, what was done being stated, it is sufficient to say that it was negligently done, without stating the particular omission which renders the act negligent."

The complaint now before us shows the position of the boy and of the truck in such manner as clearly to imply that the accident could not have occurred except for the negligence and carelessness of the operator, and then alleges that the defendants operated the truck "in such a negligent, careless and unlawful manner that the said automobile truck ran into and collided with the said Frank Johnson."

The complaint must be liberally construed with a view to substantial justice between the parties. (Sec. 9164, Rev. Codes 1921; *Boyd* v. *Great Northern Ry. Co.,* 84 Mont. 84, 274 Pac. 293.) "The modern tendency, with which our statute is consistent, is towards a more liberal rule than formerly ob-

174

tained." (*Alley* v. *Peeso,* 88 Mont. 1, 290 Pac. 238, 241.) "Under the doctrine of liberal construction of pleadings, the courts have uniformly held that substantial justice requires simple and common-sense interpretation of allegations contained in pleadings, and that to strain in the direction of finding ambiguity and uncertainty is to retard, and not promote, the interests of substantial justice." (*Smith* v. *Parker,* (Co. Ct.) 153 N. Y. Supp. 910, 911.)

"It is conceivable that in these automobile cases the act of carelessly driving a car into another is the only act of negligence that can be truthfully alleged. If the plaintiff relies upon the fact that the defendant was driving at an excessive speed, or on the wrong side of road, or in violation of some traffic regulation, these are facts constituting negligence which may be pleaded, but where a collision is caused merely by one carelessly driving a car into another, that is the act of negligence to be alleged." (*Kilbride* v. *Swafford,* 99 Cal. App. 303, 278 Pac. 448, 449.)

In the complaint before us the pleader alleges the fact that the operator of the truck, in violation of the duty shown by the facts alleged, so carelessly operated the truck as to run into the boy lawfully in the alley. It is conceivable that no more definite statement could be made. The boy is dead; it does not appear that anyone other than the operator of the truck witnessed the collision; the liability of the defendants may possibly be only established by showing the conditions found to exist in the alley immediately after the boy was struck. The conditions existing just prior to the accident are certainly known to the driver, and may be more within his knowledge than that of any other person. Under the circumstances shown, the complaint is, in this regard, sufficient to withstand the attack made upon it. Allegations no stronger than those contained in this complaint were held sufficient in the following cases: *Smith* v. *Parker,* above; *Louisville & Southern Ind. T. Co.* v. *Cotner,* 71 Ind. App. 377, 125 N. E. 78; *Opitz* v. *Schenck,* 178 Cal. 636, 174 Pac. 40; *Garner* v. *Brown,* 31 Wyo. 77, 223

Pac. 217; *Cloherty* v. *Griffiths*, 82 Wash. 634, 144 Pac. 912; and we so hold as to the complaint here.

As the complaint states facts showing the legal duty of defendants and the breach thereof, and that the injury of which complaint is made would not have occurred except for the negligence of the operator in driving his truck into the boy, it sufficiently alleges that the injury was proximately the result of defendants' delinquency. The complaint therefore states a cause of action, and the court erred in entering judgment of dismissal.

The judgment is reversed and the cause remanded to the district court of Cascade county for further proceedings not inconsistent with this opinion.

Mr. Chief Justice Callaway and Associate Justices Galen, Ford and Angstman concur.