**Dan H. WALKER, Appellee,**

v.

**Clair BOULET, d/b/a Clair Boulet Construction Co., Appellant.**

**No. 26,676.**

United States Court of Appeals, Ninth Circuit.

Feb. 12, 1973.

Shelton C. Williams (argued), of Worden, Worden, Thane & Robb, Missoula, Mont., for appellant.

Thomas H. Boone (argued), of Boone, Karlberg & Haddon, Missoula, Mont., Harold J. Triesch, Spokane, Wash., for appellee.

Before HAMLIN DUNIWAY, and GOODWIN, Circuit Judges.

PER CURIAM:

A highway construction contractor appeals a judgment in favor of an injured employee of a telephone cable installer. The injuries occurred when defendant's pile driver hit a telephone cable suspended across the highway construction area and pulled the cable-laying vehicle over the plaintiff. This diversity case was tried to a jury which awarded $28,000 in damages.

The plaintiff was in charge of the cable installation, and defendant contends that the plaintiff was contributorily negligent as a matter of law because he left the cable suspended at a height that would be likely to bring it into contact with other machinery using the working area.

Defendant also asserts that there was insufficient evidence of his employee's negligence to go to the jury, that the instructions to the jury were erroneous, and that the verdict was excessive.

■ In Montana, "questions of fact are for [the] determination of the jury; it is only in cases where the facts admit of only one interpretation by reasonable men that the judge can decide the question as a matter of law." Graham v. Rolandson, 150 Mont. 270, 435 P.2d 263, 268 (1967).

■ The jury was presented with conflicting testimony as to the height of the pile driver, the height at which the cable was suspended, and other material questions. Whether the parties acted as reasonable, prudent persons under all the existing circumstances was a matter for the jury.

■ Defendant urges that the district court erred in instructing the jury that the pile-driver operator had a duty to keep a proper lookout at the time and place in question. We have examined the state cases cited, and are satisfied that a Montana vehicle operator, like an operator elsewhere, does not have the privilege of moving specially-licensed overheight equipment without keeping a reasonable lookout for overhead obstructions. See Johnson v. Herring, 89 Mont. 156, 295 P. 1100 (1931).

■ The judge did instruct the jury that the plaintiff had a duty to place the cable at least eighteen feet above the ground, as required by Montana law and the National Electric Safety Code. He also instructed the jury fully on contributory negligence. Defendant now urges that the judge should also have given a requested instruction on assumption of the risk. We have been cited to no Montana rule that requires a court to favor defendants with such a duplication of instructions in a case of this kind.

■ The refusal to order a remittitur was within the discretion of the trial court. Southern Pacific Co. v. Guthrie, 186 F.2d 926 (9th Cir.), cert. denied, 341 U.S. 904, 71 S.Ct. 614, 95 L.Ed. 1343 (1951). The verdict was generous in light of the medical evidence, but no clear abuse of discretion was shown.

Affirmed.